HARRIET HILL *et al.*, in equity, *vs.* WILLIAM STEVENSON.

*Gift—what is sufficient delivery.  Donee not bound by judgment against donor's administrator.*

A delivery to a donee of a savings-bank book, with an intent to give the donee the deposits represented thereby, is a good delivery, and vests an equitable title to such deposits in the donee without an assignment, though by the rules of the bank the moneys can only be withdrawn or transferred by the depositor or his administrator, or by some person presenting the book accompanied with an order signed by the depositor in the presence of an attesting witness.

The delivery may be to the donee, or to some other person for the donee. A judgment in a suit upon an administrator's bond, in which the administrator was found guilty of official neglect in not inventorying this deposit in the savings bank,—after the rendition of which he did inventory and collect the same—is no bar to a suit by the donee to recover it from him.

BILL IN EQUITY, brought by Harriet Hill and Isabella Stevenson against the latter's husband, as administrator of the estate of

the late Alice Murch, who was the complainants' mother, setting out that, at the decease of Mrs. Murch, there was a sum of money deposited by her in the Saco and Biddeford Savings Institution, and then standing in her name, which she had given to these two daughters, and had delivered the bank book to Nehemiah Hill, the husband of one of them, at the time of such gift, which was established by the testimony of Capt. Hill, who said he had the custody of the book from November, 1862, when the donation was made, till and after the death of Mrs. Murch in September, 1867. Capt. Hill thus described the donation; "She handed me that book —put it into my hand—and said that she gave the money in that bank—on that book—to my wife and Isabella Stevenson. She said, 'I give that to Harriet and Isabella.' She said she wanted me to take the book, and take care of it, and, after her decease, to divide the money equally between Harriet and Isabella. She said this money was her own private property, and no part of her husband's estate ; that her husband gave each of the boys a homestead and about $1000, but didn't give the girls anything. I took the book and have held it ever since till last January, when it was used in evidence in a case tried before the supreme court at Saco, and left with the clerk of the court with the papers in that case."

The depositions of the complainants, tending to support this statement, were also put in as proof. The bill complained that, knowing these facts, the respondent refused to draw the funds from the savings bank or to give the complainants the book and an order for payment of the money to them ; and prayed for a decree requiring him to do one or the other of these things.

The answer admitted the truth of the statements of the bill, according to the belief of the respondent, who further replied that because of such knowledge, information and belief, he omitted to mention this deposit in the inventory of his intestate's estate, regarding it as the property of these complainants ; that, upon petition of the heirs of Alice Murch—other than Mrs. Hill and Mrs. Stevenson—he was cited before the judge of probate to show

cause why this sum should not be included in his inventory and accounted for by him in his official capacity; and, upon appeal taken by the heirs from the decree of the judge, the supreme court of probate ordered and decreed that he return an additional inventory of this money and charge himself with the same, in his capacity of administrator, and with the interest accrued thereon, though he represented to said court the claim of these complainants to this property; that, in accordance with said decree, he inventoried said sum and charged himself in his administration account with its amount, $1078.96; that suit was commenced, in the name of the judge of probate, upon his official bond, for the benefit of the heirs (except these complainants) the breach alleged being the failure to return a true and perfect inventory, in that this deposit was not inventoried; that the jury returned a verdict for the plaintiff, on which—the exceptions taken being overruled —judgment was rendered. See the report of this case, *Bourne* v. *Stevenson*, 58 Maine, 499.

For these reasons, the respondent averred that his refusal to draw the money, or to aid the complainants in doing so, was proper and reasonable.

*Goodwin & Lunt*, for the complainants.

The fact of a gift will not be disputed; still, Alice Murch was the legal creditor, in whom alone a right of action for the money vested. *Tillinghast* v. *Wheaton*, 8 R. I., 536. Thereafterwards she and her legal representative became the trustee of the plaintiffs, to uphold their legal right of action.

The refusal of the trustee to execute his trust entitles the beneficiaries to this process, to compel performance. Hill on Trustees, part II, c. 4, § 1, and part III, c. 2, § 1; *Trowbridge* v. *Holden*, 58 Maine, 117.

The probate appeal and decree, and the judgment at law, so far as these complainants are concerned, were *res inter alios*. *Lewis* v. *Bolitho*, 6 Gray, 137. We are entitled to a decree. *Johnson* v. *Ames*, 11 Pick., 181.

*Edward Eastman*, for the respondent, relied upon *Bourne* v. *Stevenson*, 58 Maine, 499, and the facts ascertained by the verdict in that case and the decree in the probate appeal. The rules of the savings bank, printed in the book, and constituting part of the contract between it and the depositor, provided for a withdrawal or transfer of the funds, or any part of them, only by the depositor or upon a written and attested order.

APPLETON, C. J. A delivery to a donee of a savings bank book, containing entries of deposits to the credit of the donor, with the intent to give the donee the deposits represented by the book, is a good delivery to constitute a complete gift of such deposits. Camp's Appeal, 36 Conn., 88. Such delivery vests the equitable title in the donee without assignment.

The delivery may be to the donee or to some other person for the donee. *Dole* v. *Lincoln*, 31 Maine, 422 ; *Marston* v. *Marston*, 21 N. H., 491; *Borneman* v. *Sidlinger*, 15 Maine, 429; *Wells* v. *Tucker*, 3 Binney, 366.

The evidence satisfactorily shows that Alice Murch the mother of the plaintiffs gave the money she had in the Saco & Biddeford Savings Bank to the plaintiffs by a delivery of her savings bank book to Nehemiah Hill for their use and benefit; that after such gift she ceased to have the possession of said book, or to exercise any control over the money deposited; and that the plaintiffs assented to and acquiesced in said gift. The plaintiffs have made out a perfect title to the money in controversy.

The defendant, as administrator on the estate of Alice Murch, was sued on his administration bond for a breach of duty in omitting to include in his inventory the money deposited by his intestate in the Saco & Biddeford Savings Bank. In that suit, upon the evidence before them, the jury found he was guilty of official neglect. The case came before the court upon exceptions to the ruling of the justice presiding at *nisi prius*. *Bourne* v. *Stevenson*, 58 Maine, 499. The exceptions were overruled, and the decree of the court was that the defendant should file an addi-

tional inventory including the above amount, which, in pursuance of such decree, he did. This judgment and decree is relied upon as a bar to the plaintiffs' claim.

The plaintiffs were no parties to the suit of *Bourne* v. *Stevenson*. They neither introduced proof, nor were heard by counsel. The judgment was between other parties. The rights of the plaintiffs were not affected by that judgment. *Lewis* v. *Bolitho*, 6 Gray, 137. The defendant has the money of these plaintiffs in his hands, and must be held to account for the same.

The bill in equity may be sustained. The facts are similar to those in the case at bar, in *Gardner* v. *Merritt*, 32 Maryland, 78; and in *Coutant* v. *Schuyler*, 1 Paige, 317.

*Decree as prayed for.*

WALTON, DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred