Merrimack, }
Dec., 1895. }

## MATTHEWS, *Adm'r*, v. HUTCHINS.

An administrator may maintain a bill in equity to set aside a conveyance of real estate by the deceased in fraud of his creditors, if the property is needed to pay debts.

In such an action, the report of a commissioner allowing a claim against an estate settled in the insolvent course is competent but not conclusive evidence of an indebtedness existing at the date of the conveyance.

The allowance of a claim by a commissioner may be impeached for fraud or
collusion by one  sought to be affected thereby who was not party or privy
to the proceedings, and had no right of appeal therefrom.

A commissioner may testify concerning the items of an account upon which
an allowance was made, if they are not shown by his report.

BILL IN EQUITY, to set aside a deed of real estate, for fraud in
law.  Facts found by the court.  The deed was given by the
plaintiff's intestate, Jacob E. Hutchins, to the defendant, his son,
July 7, 1887.  Jacob died January 31, 1892, and his estate was
settled in the insolvent course.  The only claim allowed by the
commissioner that was in  existence at the date of the deed, was
in favor of Luella Hutchins, a daughter of the intestate, for ser-
vices rendered between March, 1885, and March, 1886.  It was
presented to the  commissioner by the plaintiff, and  no evidence
in its support was submitted.  The commissioner's report was
accepted in February, 1893, and no appeal therefrom was taken.
Subject to the defendant's exception, the report was received in
evidence, and the plaintiff was allowed to show, by the testimony
of the commissioner, that Luella's claim as presented to him was
in part for the services above mentioned.  The question of the
competency of testimony, offered by the defendant, tending to
show that Luella's claim was fraudulent and that its allowance
by the commissioner was procured by the plaintiff's collusion,
was reserved.  The defendant also claimed that the plaintiff could
not maintain the suit.

*Joseph S. Matthews* and *Frank S. Streeter*, for the plaintiff.

*Leach & Stevens*, for the defendant.

CHASE, J.  The objection that the plaintiff has no interest in
the subject-matter of the  suit which entitles him  to  bring it, is
overruled on the authority of *Janvrin* v.  *Curtis*, 63 N. H. 312, and
*Preston* v.  *Cutter*, 64 N. H. 461.

To maintain the suit it is incumbent on the plaintiff to show,
among other things, that the deceased was indebted at the time
the alleged fraudulent conveyance was made (July 7, 1887), and
that the indebtedness or  some  portion of it is still outstanding.
A claim in favor of Luella Hutchins, for  services rendered the
deceased between March, 1885, and March, 1886, is relied on for
this purpose.  The claim was allowed by the commissioner, whose
report has been accepted by the judge of probate without appeal.
The plaintiff offered the report in  evidence, and claimed it was
conclusive as against the defendant on the  question of the gran-
tor's indebtedness, while the defendant claimed it was wholly
incompetent.

If the evidence offered were the record of a judgment recovered by Luella against Jacob in his lifetime, or against the plaintiff as administrator since his decease (the estate being solvent), it would be competent, but not conclusive. The defendant, not being a party or privy to the action, would be at liberty to impeach the judgment by showing that it was fraudulent. *Pomeroy* v. *Bailey*, 43 N. H. 118; *Great Falls Manufacturing Co.* v. *Worster*, 45 N. H. 110; *Vogt* v. *Ticknor*, 48 N. H. 242; *Davis* v. *Fogg*, 58 N. H. 159, 161; *Shaw* v. *Shaw*, 60 N. H. 565, 567. No reason is apparent why the allowance of the claim in insolvency proceedings should be less reliable as testimony or more conclusive in effect. It resembles a judgment in being the result of a judicial investigation, had for the purpose of determining what, if anything, is due the creditor. The administrator represents the estate in the investigation to the same extent as he does in an action at common law when sued by a creditor in the course of administration. Although the allowance does not determine the amount which the creditor is entitled to recover of the estate, it furnishes the basis for such determination by the decree of distribution. P. S., c. 192, ss. 20, 21, 22. It is also equally binding upon the parties. P. S., c. 193, s. 18. Its similarity to a judgment in purpose and effect shows that it should have the same evidentiary value in the decision of collateral issues.

*Nichols* v. *Day*, 32 N. H. 133, was an appeal by an heir from a decree of a judge of probate granting license to sell real estate. The estate was settled in the insolvent course. The heir alleged that a claim, allowed by the commissioner, and also upon appeal, was unjust, and that its allowance had been procured by the fraud and collusion of the administratrix; and he opposed the granting of the license on the ground that there was no occasion for it,— the personal estate being sufficient to pay all just debts. It was alleged on the other hand that the allowance bound all parties until it was set aside or reversed, and conclusively showed that the license was properly granted. The court held that a judgment against an administrator is not conclusive evidence of indebtedness as against heirs who do not appear in the creditor's action, and may be impeached by them on the ground that it was fraudulent and collusive; but that the appellant was not entitled to exercise the right of impeachment, because he had actually appeared in and defended the creditor's action. The decision was put on the ground that real estate descends directly from the ancestor to the heir, and not through the administrator; that the heir's claim to it is adverse to that of the administrator; and consequently that, in an action by a creditor against the administrator, the heir is not privy with the latter. The same doctrine prevails generally in other jurisdictions. See 2 Van Fleet For. Adj., s. 466, and authorities cited.

The present suit is, in effect, a petition for license to sell real estate. The plaintiff does not assail the defendant's title for any purpose except to obtain means to pay creditors. He could not maintain the action in behalf of heirs. If it is decided that the conveyance to the defendant is void as against the deceased's creditors, the plaintiff's next step will be to apply for a license to sell the real estate, and that step will be merely formal. The question lying at the foundation of such a petition, namely, whether it is necessary to appropriate real estate to pay debts, will have been decided in this suit. *Nichols* v. *Day* is, therefore, authority for the position that the defendant would be at liberty to impeach the allowance of Luella's claim, even if his title to the real estate depended upon descent. But as grantee, he occupies a more favorable position for making such attack. There is no ground for alleging that as grantee he was a party or privy to the proceedings in which the allowance was made. *Lewis* v. *Bolitho*, 6 Gray 137; *Hill* v. *Stevenson*, 63 Me. 364. The only parties to whom the statutes give a right of appeal from a commissioner's decision are, the creditor presenting the claim, other creditors, an heir, and the administrator (P. S., *c.* 193, *ss.* 1, 3, 4; *Foss* v. *Lord*, 59 N. H. 529); and it follows that they are the only parties who have a right to appear before him. This leaves the defendant, in his capacity of grantee, a stranger to the commissioner's proceedings. He claims nothing as heir; and if it were held, contrary to *Nichols* v. *Day*, that in that capacity he was party or privy to the proceedings, he ought not to be concluded by them in respect to rights not dependent upon heirship. The purpose of the legislature in giving an heir the privilege of contesting a creditor's claim in such proceedings, was to enable him to defend his rights depending upon descent. Such contest really relates to the disposition to be made of a portion of the estate,— whether it shall go to pay the debts, or shall descend to the heirs. If there is nothing for the heirs in any event, they have no interest to interfere; it is a matter of indifference to them whether more or less is allowed to creditors. The most unfavorable construction that can be placed upon their neglect to interfere is that they do not intend to set up their rights as heirs in opposition to the claims of parties alleging themselves to be creditors. They are not called upon to protect other rights that they may have, and nothing is adjudicated in respect to such rights. Luella's claim is not *res adjudicata* in respect to the defendant's rights, as a grantee of the intestate. Van Fleet Col. At., *s.* 17.

It is not an unusual occurrence that heirs allow creditors to select the administrator. In such cases there is great temptation to select some one who will favor the creditors. It is, therefore, important that parties whose interests are only collaterally affected by the allowance of creditors' claims should have entire

freedom to investigate the good faith of the transaction. If there is collusion between the creditor and the administrator,—if the latter really represents the former instead of adverse interests,— every opportunity to show the fact should be afforded. *Graves* v. *Tilton*, 63 N. H. 192, 194. This is in accordance with the general policy of the law, which throws no obstacles in the way of investigating the conduct of persons acting in a trust capacity.

*Cross* v. *Brown*, 51 N. H. 486, is relied upon by the plaintiff to sustain his position ; but the case is distinguishable from this. The subject of the fraudulent conveyance in that case was a note against the party who was appointed administrator, which was inventoried as a part of the estate. The plaintiff, alleging that she was the owner of all the property of the deceased except what was necessary to pay the just debts, funeral charges, and expenses of administration, caused the administrator to be cited into court to settle an account. The account settled showed a balance due the administrator. At a subsequent term of the court, notice having been given by publication, the administrator presented his private claim against the estate and settled a second account. The private claim consisted of the balance of an account in which he credited the estate with the amount due upon the note held by the plaintiff. It was decided that the plaintiff was concluded by this settlement, for the reason, among others, that the citation for the hearing upon the administrator's private account was addressed to all parties concerned, and that the plaintiff, being such a party, had a right to appear and be heard, and so was concluded by the decision. As has been shown, the defendant in this action, as grantee, had no right to be heard in the proceedings upon Luella's claim, and this circumstance prevents *Cross* v. *Brown* from controlling this decision. It is also apparent that the course taken by the holder of the note in *Cross* v. *Brown* had much influence in forming the conclusion there reached.

The record of the allowance of Luella's claim is competent evidence in this suit, and the defendant is at liberty to impeach it by showing that the allowance was procured by fraud. If the record does not show the items of the account upon which the allowance was made, they may be shown by extrinsic competent evidence. *Morgan* v. *Burr*, 58 N. H. 470. The commissioner may testify concerning the items contained in the statement of account presented to him. Such testimony not disclosing the grounds on which he arrived at his decision, does not fall within the class of incompetent testimony mentioned in *Hearn* v. *Railroad*, 67 N. H. 320.

*Case discharged.*

BLODGETT, J., did not sit : the others concurred.