STACKS, Administratrix, Appellant, vs. BUTEN, interpleaded,. etc., Respondent.

*December 8, 1909—January 11, 1910.*

*Banks and banking: Assignment of bank book: Evidence: Validity:* *Notice to bank.*

1. Evidence showing, among other things, that defendant had rendered services to plaintiff's intestate while she was sick and helpless, had advanced moneys to secure necessaries for her,. had at her request attended to her affairs, and that he was in possession of her savings bank deposit book with a slip attached on which was written: "Ed, this is for you. Lida," and also of withdrawal receipts signed by her, is *held* to sustain a finding. by the court that said slip was an assignment of the bank book to him by the intestate.
2. A written assignment of a savings bank deposit book may convey title as between the assignor and assignee though not brought to the notice of the bank as required by sec. 2319*c* (Supp. 1906; Laws of 1901, ch. 390, sec. 1); and death of the assignor does not cancel such an assignment or prevent the assignee from thereafter making it effective as to the bank by delivering it or a copy to the bank.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Plaintiff is the duly appointed executrix of Lida Webb,. who died June 23, 1907. For some time prior to her death she was an invalid. She used crutches and required assistance about her home. The defendant *Buten* cared for her needs, with his own money purchased fuel, provisions, and medicines for her, and acted as her servant and nurse. On April 1, 1907, the deceased had to her credit in her name in the Second Ward Savings Bank of Milwaukee the sum of $249.34, evidenced by a passbook of the bank. About April 1, 1907, *Buten* came into possession of the bank book with six receipts signed by the deceased, and with a slip of paper pinned to the cover of the book on which was written: *"Ed, this is* for you. Lida." After April 1, 1907, and during the lifetime

of the deceased, the defendant *Buten* filled out four of the receipts for a total of $47.34, presented them at the bank, and received the money on them.   After the death of the deceased he filled out one receipt for $50 and was paid the amount of the receipt upon its presentation at the bank.   Some days after the appointment of the plaintiff as administratrix the defendant *Buten* notified the bank that the deceased had assigned, delivered, and set over unto him all her right, title, and interest to the deposit in the bank.   The plaintiff, as administratrix of the estate of the deceased, brought action against the bank for the sum which was in the bank to the credit of the deceased at the time of her death.   The bank petitioned that *Ed Buten* be interpleaded and made a party to the action.   The court issued an order making *Buten* a party defendant, and the bank paid the amount shown by its books as due the deceased into court.   The court found that the defendant *Buten* had rendered valuable services for the deceased, and that the placing of the bank book, the receipts, and the slip in the hands of the defendant *Buten* was an assignment, and that *Buten* was the lawful owner of the account and the money due thereon.   This is an appeal from the judgment dismissing the complaint, ordering that the sum paid into court be recovered by *Buten,* and awarding *Buten* his costs against the plaintiff.

The cause was submitted for the appellant on the brief of *W. H. Timlin, Jr.,* and *Patrick W. Dean,* and for the respondent on that of *Samuel Wright* and *Lenicheck, Fairchild & Boesel.*

SIEBECKER, J.   The trial court found that the decedent had assigned her right, interest, and title in and to the moneys and the claim she had as a depositor of the defendant bank to the defendant *Ed Buten* in consideration of services rendered and money loaned and advanced by *Buten* for the decedent at her request and with her consent.   The point is

made that the evidence fails to show that any consideration passed from *Buten* to the decedent which will sustain this claim of an assignment to him of the claim evidenced by the bank book. The facts and circumstances before the court warrant the inference that *Buten* rendered services for the decedent while she was helpless from sickness; that he advanced money to secure necessaries for her; that at her request he attended to her affairs; and that the deposit book, with the slip attached, having thereon the words, *"Ed, this is for you. Lida,"* was in his possession, as were also the withdrawal receipts signed by her. That *Buten* had possession of them before her death is sufficiently shown. The import of the writing attached to the book, in the light of the attending facts and circumstances, supports *Buten's* claim that it is an assignment to him of decedent's claim against the bank. The facts showing that he had rendered valuable services for her in times of distress and need, had advanced money to provide her with necessaries, and that he was given possession of the bank book are strong confirmatory evidential facts that the writing was intended to assign the account. We are persuaded that the court's findings on these branches of the case are not so clearly against the preponderance of the evidence as to warrant reversal of them.

It is contended that the alleged assignment is of no validity under sec. 2319c, Stats. (Supp. 1906; Laws of 1901, ch. 390, sec. 1), which enacts that:

"No gift, sale, assignment or transfer of any saving fund bank book bearing evidence of bank deposits or of any interest in the deposits represented thereby, shall be valid unless the same be in writing and the same or a copy thereof delivered to the bank issuing such bank deposit book."

The alleged assignment was not delivered to the bank until after the death of Lida Webb, the owner. The defendant *Buten* delivered the alleged written assignment to the bank on August 13th, after the death of Lida Webb on June 23, 1907.

The provisions of the law indicate that it was designed to protect banks as to payments made on such accounts before they have had notice of an assignment. The notice to the bank is given by serving on the bank the written assignment or a copy thereof. The execution and delivery of the written assignment by the assignor to the assignee executes the transfer as between them and operates to convey title to the claim from the assignor to the assignee. By the terms of the statute such transfer of the title to the claim is, however, not operative and binding on the bank until it is brought to its notice in the manner specified in the statute. We are of the opinion that the statute was not intended to provide that the assignor's death should cancel the assignment thus completed between the assignor and assignee. The more reasonable interpretation is that under such circumstances the assignment is to remain effective between the parties thereto and is to become operative on the bank when it is brought to its attention by the service of the written assignment or a copy thereof upon it. Under the statute, then, *Buten* became the owner of the claim when the written assignment was delivered to him, and it became binding on the bank at the time it was notified thereof as provided by the statute. We perceive no legal obstacle to holding that the assignment was valid between the decedent and *Buten* after decedent's death, and that it was effective as to the bank from the time it was brought to the bank's notice.

We regard the judgment of the trial court awarding *Buten* the relief asked for in his counterclaim as correct.

*By the Court.*—The judgment of the trial court is affirmed.

Timlin, J., took no part.