GRUSZKA, Appellant, vs. MITCHELL STREET STATE BANK, Respondent.

*October 15, 1924—February 10, 1925.*

*Assignments: Savings accounts: Direction to pay: Revocability.*

A depositor who had a savings account with a bank which also held for him certain Liberty bonds and war savings stamps sent his pass-book and his deposit receipts to the bank with instructions to convert the bonds and stamps into cash and pay the same, together with the amount of the deposit, to a designated Polish bank; but before the instructions and accompanying papers had been presented to the bank the depositor directed the cashier to keep all the property in its possession. The bank thereafter honored the written instructions. In an action by the depositor it is *held* that there was no irrevocable assignment, and that the bank, by delivering the funds after the depositor had canceled his previous written instructions, acted without authority and was liable for the amounts so paid.    p. 624.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Reversed.*

This case was begun in the civil court of Milwaukee county. Upon the trial the jury returned a general verdict in favor of the plaintiff, who had judgment thereon for the sum of $791.89. The defendant appealed to the circuit court for Milwaukee county, and, upon a hearing, the circuit court reversed the judgment of the civil court and directed judgment for the defendant dismissing the plaintiff's complaint, and from such judgment the plaintiff appeals.

The material facts are as follows: Prior to August 31,

1920, the plaintiff had on deposit in the defendant bank, in the savings account, $500. On account of this deposit a pass-book was issued to him. The defendant also had in its possession for plaintiff Liberty bonds of the par value of $150 and war savings stamps of the par value of $25. On or about the 8th day of December, 1918, the plaintiff enlisted in the Polish army, departed for Poland, and the money, bonds, and war savings stamps remained in the possession of the defendant. In April, 1920, the plaintiff sent to defendant, through a Polish bank, his pass-book, accompanied by the following letter:

"Mitchell Street State Bank,          April 5/10, 1920.
    "Milwaukee, Wis.
  "Gentlemen: Inclosed I beg to hand you:
"1—a pass-book Nr. 14732 showing a balance of $500—
        plus interest.
"2—a deposit receipt Nr. 108 for 4 % Liberty Bonds $150,
        —and U. S. stamps, deposited with yourselves.
  "Kindly realize these bonds and stamps and pay in the proceeds of the bonds together with the above $500, but without interest, to the National City Bank of New York, New York, for the account of Polska Krajowa Kasa Pozyczkowa.
  "On the other hand, you will be good enough to remit the value of the above mentioned stamps together with the amount of the accrued interests of the pass-book, less your costs resulting from this order, to Mr. Piotr Bukalski, Grove street, 903, Milwaukee, Wis.
                  "Yours very truly,     PIOTR GRUSZKA."

On July 27, 1920, the plaintiff returned to Milwaukee, and on the following day went to the defendant bank and inquired about his money. The jury having found upon conflicting evidence in favor of the plaintiff, we must assume, so far as the testimony is in dispute, that they accepted the plaintiff's version of subsequent transactions at the bank. The plaintiff claims that these transactions were as follows: That he inquired of one of the clerks of the de-

fendant bank whether or not the letter had been received which he had caused to be forwarded through the Polish bank, and was advised that he would have to see the cashier, and it is the plaintiff's contention that he then and there advised the cashier that the bank should not send the money, war savings stamps, or bonds to Poland, and that he instructed the cashier to keep the money, bonds, and stamps then in its possession; that the cashier then advised the plaintiff that the deposit book and receipts for the bonds and stamps had not yet arrived from Poland. Plaintiff made inquiries from time to time, and on August 31, 1920, was advised that the pass-book and receipts had been presented to the defendant by the First Wisconsin National Bank of Milwaukee, to whom they had been delivered. There was some testimony to the effect that an attempt was made to recover the funds from the First Wisconsin National Bank of Milwaukee, but when demand was made they had already forwarded the proceeds to the National City Bank of New York, from whom they had received the letter, written in April, 1920, together with the book and receipts. The circuit court was of the opinion that the transaction between the plaintiff and the defendant vested title to the fund in the Polish bank; that the instrument in the form of the letter of April 5/10, 1920, was not revocable, and that the plaintiff was not entitled to recover.

For the appellant there was a brief by *Swietlik & Burns* of Milwaukee, and oral argument by *Francis X. Swietlik.*

For the respondent there was a brief by *Fawsett, Smart & Shea,* and oral argument by *C. F. Mikkelson,* all of Milwaukee.

The following opinion was filed November 11, 1924:

ROSENBERRY, J. The defendant makes two contentions in support of the judgment of the circuit court: First, that the delivery of the book, accompanied by the letter of April 5/10, 1920, constituted an assignment by the plaintiff of his

interest; second, that the plaintiff failed to establish the absence of consideration for the transfer of the Liberty Bonds and that judgment in that respect should stand; that as to interest, amounting to $28.14, and the par value of the war savings stamps, $25, plaintiff is not entitled to recover because he failed to show reasonable efforts for the return thereof from the National City Bank of New York and the Polish bank.

(1) Plaintiff is entitled to recover the deposit unless he parted with his title thereto by reason of the delivery of the pass-book, accompanied by the letter of April 5/10, 1920, to the Polish bank. On the part of the defendant it is claimed that this transaction amounted to an assignment, and in support of that contention the following cases are cited: *Pierce v. Boston Sav. Bank,* 129 Mass. 425; *Kimball v. Leland,* 110 Mass. 325; *Frentz v. Schwarze,* 122 Md. 12, 89 Atl. 439; *Laing v. Durand,* 84 N. J. Eq. 404, 93 Atl. 884; *Hill v. Stevenson,* 63 Me. 364, 18 Am. Rep. 231; *Stacks v. Buten,* 141 Wis. 235, 124 N. W. 403.

Sec. 2319c, Stats., is referred to. This section provides:

"No gift, sale, assignment, or transfer of any saving fund bank book . . . shall be valid unless the same shall be in writing and the same or a copy thereof delivered to the bank issuing such bank deposit book."

It is argued that the enactment of this section is a recognition of the common-law rule in the state of Wisconsin. There is very little evidence in regard to the nature of the transaction between the plaintiff and the Polish bank. Plaintiff says:

"I sent the deposit book and receipt for war savings stamps and Liberty bonds to the *Mitchell Street State Bank* on the 1st day of March, 1920, through a bank in Poland."

Reference to the letter itself indicates that the Polish bank was a mere agency, employed by the plaintiff for the purpose of sending the pass-book to the *Mitchell Street State*

*Bank.* The letter being addressed to the defendant, it says: "Inclosed I beg to hand you [*i. e.* the *Mitchell Street State Bank*] the pass-book." There is no attempt to vest title thereto in the Polish bank. The plaintiff did not surrender the book to the Polish bank but to the defendant. Upon receipt of this book the defendant was then, as agent for the plaintiff, to do the things therein directed, viz.: they were to realize on the bonds and stamps, turn the amount indicated in the pass-book, together with the proceeds from the bonds and stamps, over to the National City Bank of New York for the account of the Polish bank. Before this transaction had been completed the plaintiff revoked the authority which he had attempted to give to the defendant bank by writing the letter of April 5/10, 1920. If the letter of April, 1920, addressed to the defendant, from the plaintiff, had said: "I have delivered my pass-book to the Polska Krajowa Kasa Pozyczkowa," the argument made by the defendant would rest upon an entirely different basis. The plaintiff nowhere indicated that he had delivered his pass-book to the Polish bank, but directs that the amount represented thereby, with the proceeds of the bonds and stamps, should be disposed of as indicated in the letter, and delivered the book to the defendant through the Polish bank and its correspondents. The direction given to the defendant bank as to the disposal of the proceeds of the bonds and stamps was a mere direction revocable at any time. Under the facts as found by the jury the defendant bank therefore delivered the property of the plaintiff without authority and in violation of plaintiff's instructions.

(2) The defendant having failed to repay the plaintiff the amount of the deposit with interest and having delivered the bonds and stamps without authority from the plaintiff to a third party, the plaintiff is clearly entitled to recover the amount of the judgment awarded him in the civil court.

The plaintiff having revoked the authority conferred upon the defendant by the letter of April 5/10, 1920, it

Zweifel v. Milwaukee, 185 Wis. 625.

afforded no justification for the defendant for its refusal to pay the deposit and deliver the property to the plaintiff. It cannot be successfully contended that the defendant paid the money and delivered the property to a person authorized to receive the same for the account of the plaintiff, because that authority as found by the jury had been revoked.

*By the Court.*—Judgment of the circuit court is reversed, and cause remanded with directions to enter judgment for the plaintiff in accordance with this opinion.

The respondent moved for a rehearing and to amend the mandate.

On February 10, 1925, the motion for a rehearing was denied, and the motion to amend the mandate was granted; without costs, and the mandate amended so as to read:

*By the Court.*—Judgment appealed from is reversed, with costs, and cause remanded for further proceedings according to law.