BROWN & BROTHERS *vs.* WILLIAM H. BROWN & ANOTHER, EXECUTORS.

New Haven Co., June T., 1889. CARPENTER, PARDEE, LOOMIS, BEARDS-LEY AND F. B. HALL, Js.

*A* was the president of a corporation and also the executor of *B*. *B* had given his note to the corporation, and at the time of his death *A* held it, and had since continued to hold it, as president of the corporation. Held that *A's* knowledge and possession of the note as president were also his knowledge and possession of it as executor, and that the law would regard it as presented against the estate of *B*.

And held not to affect the case that *A* intended not to present the claim against the estate of *B*, being a principal legatee under the will of *B* and interested in the avoidance of the claim by the estate.

[Argued June 28th—decided October 30th, 1889.]

ACTION brought by the plaintiffs, a corporation, upon a

note executed by Philo Brown, since deceased; brought to
the Superior Court in New Haven County, and tried to
the court before *Fenn, J.* Facts found and judgment ren-
dered for the plaintiffs, and appeal by the defendants. The
plaintiffs also filed an appeal, which is not considered by
the court. The case is fully stated in the opinion, as also in
the report of the case when it came before this court at a
former term upon a motion to set aside a nonsuit, 56 Conn.
R., 249.

   *G. E. Terry* and *J. W. Alling*, for the defendants.

   *J. W. Webster* and *S. W. Kellogg*, for the plaintiffs.

   LOOMIS, J. The complainant seeks to recover from the
estate of Philo Brown, deceased, the amount of a note dated
July 1, 1878, for the sum of one hundred and twenty-five
thousand dollars, payable to the order of the plaintiffs with
interest, and signed by said Philo Brown. The plaintiff
corporation was organized in 1853, and had its principal of-
fice and manufactory at Waterbury. In 1867 a store and
branch office was opened in New York city, of which the
defendant, Wm. H. Brown, the only son of Philo Brown
and one of the executors of his will, had charge until 1884.
Philo Brown was president of the corporation from its or-
ganization until his death in 1880, and treasurer from 1875
until that date. Wm. H. Brown was secretary from 1874
until the death of his father, and thereafter president until
1884. Philo Brown and Wm. H. Brown jointly, and the
latter separately, wrongfully and without the knowledge of
any other officer or stockholder of the corporation, used the
funds of the corporation for private speculations to the
amount of $200,000, but they concluded to call it a loan from
the corporation to Philo Brown, and from the latter to Wm.
H. Brown.

   The note in suit was given for the deficit remaining at
that date. At the same time Philo Brown executed and
delivered to Wm. H. Brown a certificate stating that such

note had been given to Brown & Brothers "to secure a like amount of bills receivable and collections by him loaned to Wm. H. Brown, for the payment of which to the company he had become responsible." These papers were handed by Philo Brown to his son, with directions that unless the indebtedness should be discharged before the note outlawed, he must not fail to present it to Brown & Brothers. Thereupon Wm. H. Brown took the papers into his possession and retained them, and thereafter Philo Brown never saw them, and no other officer or stockholder of the corporation except the defendant had any knowledge of their existence, or of said indebtedness, until May 1st, 1884. Philo Brown died in May, 1880, leaving a will, which was soon after duly proved before the probate court, and under which the defendants duly qualified as executors and proceeded to settle the estate. On the 10th of March, 1884, the administration account was accepted by the court of probate, but soon after, in May, 1884, it was ascertained that the defendant, Wm. H. Brown, had, without the knowledge of the company, carried a large amount of paper upon its credit, which occasioned the failure of the corporation, and upon this discovery he resigned the offices of president and treasurer and first disclosed the existence of the note in suit, and stated what his father's instructions in regard to it had been. He then placed the note in the hands of Chatfield, a director of the corporation, with instructions to present it at a meeting of the stockholders, and subsequently requested that the note be put in suit to prevent outlawry. The note was so presented at a stockholders' meeting, May 26th, 1884, and suit ordered, which was instituted June 11th, 1884.

The plaintiffs, for the purpose of showing the existence of the claim against the estate as a valid claim, and that the claim had been properly presented, and as entitling them to take judgment for the entire amount of the note, offered in evidence an agreement dated the 7th day of August, 1884, signed by the defendant Brown in his individual capacity, and by him and the other executor, Van Dusen, as executors and trustees, being the same agreement recited and construed

by this court in this case when it was previously before the court, (56 Conn., 249.)

Other facts are stated in the finding which are not deemed material for the purposes of our present discussion. The finding concludes as follows : "I further find, upon the statement of said William H. Brown (the evidence being admitted against the plaintiffs' objection), that said Brown did not, prior to May 1st, 1884, *intend* to present said note as a claim against his father's estate, nor did he disclose the existence of the same to his co-executors, but during the entire settlement of the estate said Brown was acting as one of the executors of his father's will and also president of said corporation. In both capacities he had full knowledge of the existence of the claim, and of his duty to present it against the estate. Whatever his secret intention to do or not to do, therefore, may have been, I find as a legal inference that said claim *was* presented in due time.

" But I further find that, at the date of the commencement of this suit, the amount of the indebtedness to the corporation for which the note is given had been reduced, so that the sum then justly due upon said note was eighty thousand dollars. The defendants claimed that, on the facts above found, there was no presentation of the claim against the estate within the time limited, as a matter of law, and the plaintiffs claimed that judgment should be rendered in full for the amount of the note, according to the agreement mentioned, but the court overruled both claims, and the parties severally excepted to said rulings."

The counsel for the plaintiffs before this court expressly waived a decision of the points raised in their appeal in the event that we should find no error on the defendants' appeal. And for this reason we shall not review any of the questions presented by the plaintiffs' appeal.

The sole question submitted by the defendants is whether the Superior Court was justified in finding that the note in question was duly presented or exhibited against the estate.

It is very difficult to see how that court could have de-

cided otherwise in view of the decision of this court previously rendered in this case.

But the apology for presenting the question a second time to this court is, that the former case involved merely a review of the decision of the Superior Court in rendering a judgment of nonsuit, upon the sole ground that the plaintiffs upon their own evidence had failed to make a *primâ facie* case in the matter of the presentation of the note to the executor, and that the decision of this court must be restricted to that precise issue.

While this may be technically true, yet the court in determining whether the facts made a *primâ facie* case had the right to determine, and could not well avoid determining, what would amount to an exhibition of the claim as matter of law, and hence the court deliberately adopted and announced the proposition that the knowledge and possession of the note by Wm. H. Brown, in his capacity as president of the plaintiff corporation, were his knowledge and possession of the same note in his other capacity also as executor; and that the law upon this state of facts would regard the note as exhibited against the estate of Philo Brown.

The question is presented to us again with the additional finding that Wm. H. Brown did not, prior to May 1, 1884, intend to present the note as a claim against his father's estate.

Can this secret intent change or affect the legal proposition before mentioned? It is manifest that the opinion in the former case does not recognize Brown's intent as a legal element in the presentation.

And in their former argument the counsel for the defendants, from the omission of the court to find any intent on the part of Brown to present the note, assumed the same fact that they now rely upon, and the opinion of the court really assumes that there was on the part of Brown no actual intent to present the claim, for it refers to the fact that he concealed the claim from the other directors because he was principal legatee under the will. But waiving this criticism, we come to the question whether the additional

fact, now found, is of any legal significance. Upon reconsideration of the question we think it is not. Wm. H. Brown of necessity had all knowledge upon the subject; he knew the existence of a living debt; that it was the property of the corporation; and that the burden of payment was upon the estate. Having this knowledge, because he was both the corporation and the estate, the law declares unnecessary, either a formal act of presentation or a formal declaration by himself to himself; for the law never requires an idle act. However strong the desire or earnest the purpose of Wm. H. Brown that the corporation should lose and the estate should gain the debt, his knowledge of the essential facts could not thereby have been diminished in the least, but rather increased, for these circumstances must have had the effect to exhibit the claim in fact more distinctly to his mind and conscience than would have been possible by any mere formal act, either of himself or of a third person. The defendants would defeat the legal exhibition of the claim by finding a consummated fraud on the part of Wm. H. Brown, but we think both law and justice will be better satisfied with the position that Brown's intended fraud, which would have been easy of completion had he represented the corporation and another person had represented the estate, was rendered impossible by the union of both offices in himself alone.

We conclude therefore that the trial court committed no error in holding that, upon the facts and circumstances of this case, there was in contemplation of the law an exhibition of the claim against the estate of Philo Brown, regardless of the secret intent of Wm. H. Brown.

In this opinion the other judges concurred.