Susan McNamara et al. *vs.* Michael McDonald.

Third Judicial District, New Haven, June Term, 1897. Andrews, C. J., Torrance, Baldwin, Hamersley and Hall, Js.

If the legal conclusion to be drawn from the material facts upon which a plaintiff relies to establish his claim, forbids a recovery upon either count of his complaint, he cannot be injuriously affected by an error of the trial court in sustaining a demurrer to either count.

A wife's written order to a savings bank to transfer her account to *A*, her husband, to be drawn by him during his life, and providing that after his death the remainder should be divided equally between *B*, *C*, and *D*, is revoked, unless delivered to the bank or brought to its knowledge before her death.

In the case at bar evidence was offered to show that the bank-book and order were delivered by the wife to *A* (both of them having since deceased), but none that he said or did anything to indicate that he re-

ceived them in the plaintiffs' behalf, or that they even knew he had them in his possession; furthermore it did not appear that the bank ever knew of the order or that the plaintiffs had or claimed any interest in the deposit. *Held* that the plaintiffs' claim rested upon an inchoate gift which never took effect, either in law or equity.

Even if the acceptance of *A* had been such as to require him, as administrator upon his wife's estate, to cause the prescribed transfer to be made upon the books of the bank, it would not have availed the plaintiffs; since the order imposed no limitations whatever upon *A's* right to resort to the fund at his pleasure during his life.

Under the Practice Act, the form known as "the common counts" can be used only as an entire complaint for the commencement of an action. It can never follow a special count.

A failure on the part of a trial judge, in sustaining a demurrer setting up several grounds, to specify the particular ground of the decision under the Act of 1895, will not support an appeal, but this court could, if necessary, enforce the statutory duty by appropriate process.

[Argued June 2d—decided July 13th, 1897.]

ACTION to recover a sum of money claimed to have been given to the plaintiffs and to have been converted by the defendant to his own use, brought to the Superior Court in New Haven County where the plaintiffs were nonsuited in a trial to the jury, before *Thayer J.;* the court denied the motion to set aside the nonsuit and the plaintiffs appealed. *No error.*

Prior to the trial to the jury the court, *Shumway, J.,* sustained a demurrer to the first count of the complaint, and this ruling was also assigned as error by the plaintiffs in their appeal.

The complaint contained two counts. The first alleged that Ann McDonald, being the owner of a deposit of $954.05 in the Connecticut Savings Bank, by a written order, duly delivered, directed said bank to transfer said deposit on its books to the plaintiffs, to be divided equally among them, subject to the right of Bryan McDonald to draw from the same so much, if any, as should be found necessary for his proper support; and thereupon notified said bank that she had given said money to the plaintiffs, and delivered her deposit-book to said Bryan, to hold during his life, and to be delivered to the plaintiffs at his death; that the plaintiffs accepted the gift and agreed to its terms; that said Bryan

thereby became a trustee of the plaintiffs to hold said book, and deliver it over to them when the purpose for which he held it was accomplished; and if said purpose was not accomplished during his lifetime, then said book became the absolute property of the plaintiffs upon his death; that afterwards she died, and a year later he died; that during his life he did not need any of the money for his support, and did not draw out any for his use, but was induced by the defendant, his brother, for the purpose of defrauding the plaintiffs, to draw out, and did draw out, $800, and turned it over to the defendant, who received it with full knowledge of the plaintiffs' rights and without consideration, and has converted it to his own use, and refused to return it to them on their demand. This count was adjudged insufficient, on demurrer.

The second count was in the form known as the "common counts," for $954.05, under which the following bill of particulars was filed:—

"To eight hundred dollars cash, the property of the plaintiffs, drawn from the Connecticut Savings Bank by the defendant through the aid of one Bryan McDonald, brother of defendant, who then had in his possession a bank-book of said bank belonging to the plaintiffs, and which said sum of money the defendant then well knew was the property of the plaintiffs, and that neither he nor said Bryan McDonald had the right to draw or keep the same, and which said sum of eight hundred dollars the defendant has always neglected and refused to return to the plaintiffs, though often requested and demanded, and especially on the 　　 day of November, 1895,——$800.00. To interest on same　　　"

A trial was had on this count and, when the plaintiffs rested, a nonsuit was granted on motion of the defendant. The plaintiffs afterwards moved to set the nonsuit aside, which was refused.

*Charles S. Hamilton,* for the appellants (plaintiffs).

Delivery of a savings bank book with intent to make a gift of the contents, is a valid, completed gift. *Camp's Appeal,*

36 Conn. 88; *Minor* v. *Rogers*, 40 id. 512. Even if the bank book had remained in the possession of the donor, the gift was good after the donor had done all in *her* power to make the transfer on the books of the bank. *Kerrigan* v. *Ranti-gan*, 43 Conn. 17; *Minor* v. *Rogers*, *supra*. Deferring the time of payment to the donees does not affect the validity of the gift. *Buckingham's Appeal*, 60 Conn. 143; *Minor* v. *Rogers*, *Kerrigan* v. *Rantigan*, *supra*. Nor is it any legal objection to the validity of the gift that Bryan McDonald might use a portion of the money for his support should it be found necessary for his proper support during his lifetime. The authorities sustain the validity of a gift, even when the life use *may* consume the entire fund. *Mansfield* v. *Shelton*, 67 Conn. 390; *Chesebro* v. *Palmer*, 68 id. 207; *Hackett* v. *Moety*, 25 Atl. Rep. 898; *Smith* v. *Bank*, 9 id. 792; *Bennett* v. *Cook*, 6 Southeastern Rep. 28. The court erred in not specifying in a memorandum in writing the grounds upon which the decision on said demurrer was based. Pub. Acts of 1895, p. 523. The court erred in granting the defendant's motion for nonsuit. The sufficiency of a cause of action cannot be tested by a motion for nonsuit. *Cook* v. *Morris*, 66 Conn. 196.

*William B. Stoddard* and *John C. Clerkin*, for the appellee (defendant).

If the evidence shows no title in the plaintiffs, then the demurrer to the first count was rightly sustained, and the plaintiffs have not been injured by that ruling. The plaintiffs' case depends entirely upon a title to the money in question from a claimed gift to them. So far as the plaintiffs are concerned none of the acts constituting a gift were ever performed by Ann McDonald. *Basket* v. *Hasell*, 107 U. S. 602. The only completed gift shown by the evidence, was one to Bryan McDonald, and gave him an absolute title. *Mansfield* v. *Shelton*, 67 Conn. 394; *Trustees of Central Methodist Church* v. *Harris*, 62 id. 93; *Camp's Appeal*, 36 id. 88; *Minor* v. *Rogers*, 40 id. 512; *Kerrigan* v. *Rantigan*, 43 id. 17; *Reed* v. *Copeland*, 50 id. 472; *Buckingham's Appeal*, 60 id. 143. A wife may make a valid gift to her husband. *Wheeler*

v. *Wheeler*, 43 Conn. 503. The gift to the plaintiffs is not absolute, to take effect immediately; neither was any trust created in favor of the plaintiffs. Bryan McDonald took the money and book for himself, with the right to appropriate the entire sum to his own use, and not as trustee for the plaintiffs. *Young* v. *Young*, 80 N. Y. 422; *Clough* v. *Clough*, 117 Mass. 83; 1 Perry on Trusts (3d ed.), § 83. An absolute written assignment intended as a gift cannot operate as a declaration of trust when the gift fails for want of delivery if there is no evidence of any intention to create a trust. *Wadd* v. *Hazelton*, 137 N. Y. 215; *Norway Savings Bank* v. *Merriman*, 88 Me. 146; *Pope* v. *Burlington Savings Bank*, 56 Vt. 284.

BALDWIN, J. The plaintiffs stated a sufficient cause of action in their first count. According to that, a depositor in a savings bank executed and delivered a written order, properly addressed to it, and of which it afterwards had due notice, for the transfer of the deposit on its books to the plaintiffs, subject to the right of one Bryan McDonald to draw from it so much, if any, as should be found necessary for his proper support; and delivered the deposit-book to him to be delivered to the plaintiffs at his death; the plaintiffs accepted the gift; he needed nothing and drew nothing for his support during his life, but did draw out $800, in order to defraud the plaintiffs, and gave it to the defendant, a party to the fraud; and after his death the defendant refused to return the money to the plaintiffs on their demand, but has converted it to his own use.

The delivery of such an order, with the deposit-book, to one of the donees, who was to take a beneficial interest for his life, followed by due notice to the bank, upon the acceptance of the gift by the other donees would invest them immediately, and before any actual transfer upon the books of the bank, with the equitable title to the deposit, subject only to such drafts as might be made upon it for the proper support of the party having a life interest. If he fraudulently drew upon it for other purposes, gave the money to a confederate, and then died, the latter would be liable to account to the

plaintiffs, and guilty of a conversion if he failed to return it to them on demand. The demurrer to this count should therefore have been overruled.

It is also assigned for error that, although several grounds of demurrer were specified, no memorandum was filed by the court stating upon which its decision was based. This omission was in violation of Public Acts of 1895, Chap. CLV, p. 523; but so trivial a defect of procedure, due probably to mere inadvertence, can constitute no cause of appeal. *Atwater* v. *Morning News Co.*, 67 Conn. 504, 527. Application might have been made to this court, if necessary, to enforce the statutory duty by the issue of appropriate process, in the exercise of its general appellate and superintending powers. *Sikes* v. *Ranson*, 6 Johns. 279; *Ex parte Crane*, 5 Peters, 189.

The parties went to trial upon a second count, which charged the defendant, Michael McDonald, with having drawn $800 of the plaintiffs' money from the same bank, well knowing whose it was, through the aid of Bryan McDonald, who then had in his possession the plaintiffs' bankbook. The bank-book and order, which were, at the time of the trial, in the defendant's possession, were produced at the plaintiffs' request, and they laid them in in evidence, together with a receipt given to the bank for the $800. The bankbook was the original one, in favor of Ann McDonald, by her maiden name of McCuen; but over her name the bank had entered "Michael McDonald, executor of Bryan McDonald, administrator." The order read as follows:—

" To the Connecticut Savings Bank : Please transfer all the balance due me on Deposit Book No. 28356, being nine hundred dollars, with a year's interest, nearly, to 'Brian McDonald, to be drawn by him during life. After his death the remainder to be divided equally among Susan McNamara, Kate McGuinness, Ann McKeon, Ellen McKeon and Mary Callan.'

her<br>
" Ann  ✕  McCuen."<br>
mark.

" In the presence of
    William S. Pardee.
    New Haven, July 17th, 1894."

The receipt was signed by "Bryan McDonald, administrator," and proof was also introduced that he had been appointed, a few months previously, administrator of the estate of Ann McDonald, who was his wife, and had filed a probate certificate of that fact with the bank. Evidence was offered that the order, upon its execution, was delivered, with the bank-book, to Bryan McDonald; but none that he did or said anything indicating that he received them, in any way, in the plaintiffs' behalf, or to show that the bank ever knew that any order had been drawn, or was informed that the plaintiffs had or claimed any interest in the deposit, or to show that Bryan McDonald ever had any communication with them in respect to it.

Under these circumstances, the nonsuit was properly granted. The order not having been delivered to the bank, or brought to its knowledge before Mrs. McDonald's death, was revoked by that event. So far as the evidence disclosed, the bank-book, though delivered to her husband, was not accepted or held by him in behalf of the plaintiffs, nor did they even know that it had been put in his possession. Their claim rested upon an inchoate gift which never became of effect, either in law or equity.

If they had been able to show that Bryan McDonald accepted the bank-book and the accompanying order in their behalf as well as his own, the order, while inoperative, as such, for want of delivery or notice to the bank in her lifetime, might have been effectual to define the terms upon which he received the book, and to constitute a declaration of trust, by virtue of which her administrator might be bound to cause a transfer to be made upon the books of the bank, in conformity with its directions. Even in that case, however, the only trust with which the administrator would have been chargeable in favor of the plaintiffs, would have been to cause the transfer to be made on the books of the bank, in the manner indicated by the order, and thus to clothe himself individually with power to draw out any or all of the deposit at his pleasure, from time to time, during his life, for his own use. Such was the legal effect of the

form of transfer directed by Mrs. McDonald. She imposed
no limitations whatever on his right to resort to the fund,
except that it must be exercised by himself, and would not
survive him. The plaintiffs were to be entitled merely to
what, if anything, he might choose to leave untouched.

It was not claimed by the appellants in their argument
before this court that Mrs. McDonald ever had any other
deposit in the Connecticut Savings Bank, or ever gave any
other order upon it than that produced upon the trial in
the Superior Court, and as to all the facts relevant to these,
they were then fully heard. In view of the evidence on
which they relied, it is plain that there could have been no
recovery under the first count, had the demurrer been over-
ruled. The order did not purport to limit Bryan McDon-
ald's right to draw from the deposit to such amount as
might be found necessary for his proper support. Notice
to the bank of the gift to the plaintiffs, and of the order by
which it was to be accomplished, was never given. Bryan
McDonald did not draw the $800 in his individual capacity,
by virtue of the order but as the administrator of his wife's
estate. If it was part of that estate, the plaintiffs had no
concern with it; if it has appeared that, in equity, it was
not a part, because the legal title was held upon a trust
sufficiently constituted and declared, the beneficial title to
it, when withdrawn, would have become absolute in Bryan
McDonald, for thus the trust would be substantially ful-
filled.

The second count, as originally drawn, claimed the full
amount left on deposit at the decease of Mrs. McDonald,
but the bill of particulars limited the plaintiffs' recovery to
the $800 which was actually withdrawn. Their rights in
remainder were therefore not in issue.

The real case made out by the plaintiffs at the trial was
essentially different from the case alleged. A meaning was
attributed to a written document which it cannot bear, and
a cause of action made out by pleading as facts what had no
existence. It may be assumed that the framing of such a
fictitious complaint was due to misstatements made to coun-

sel; nor is it necessary to suppose them made with knowledge of their falsity. It is decisive of the case that the complaint was one which could not be supported by proof. The plaintiffs, therefore, were not injuriously affected by the erroneous ruling on the demurrer. The law was against them, and they could not have held a verdict under either count.

To avoid any seeming sanction of the duplication of counts in the complaint, it is proper to observe that the second was made to fulfill an office for which it was not adapted or designed. Under the Practice Act, the form known as "the common counts" can be used only as an entire complaint for the commencement of an action. It can never follow a special count. Practice Book, p. 12, Rule II, § 1; *New York Breweries Corporation* v. *Baker*, 68 Conn. 337, 342.

There is no error.

In this opinion the other judges concurred.