THE HARTMANN BREWING COMPANY *vs.* FRITZ G. HARTMANN (APPLICATION OF FRITZ HARTMANN).

Third Judicial District, Bridgeport, April Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

While this court undoubtedly has the power to issue an order directing the trial court to certify portions of the evidence alleged to support an exception taken to the finding, it will not be exercised where it appears that no useful purpose will be served thereby.
In the present case the applicant contended that a ruling of the trial

court excluding evidence upon his objection applied only to a portion of that class of testimony and not to all of it, but the trial court found otherwise. *Held* that it clearly appeared from the transcript of the evidence which was incorporated in the application that the ruling made applied to all the testimony of that nature, and therefore that the applicant could gain nothing if the order he requested were granted.

Submitted on briefs April 14th—decided June 10th, 1914.

APPLICATION to this court for an order directing the *Hon. William L. Bennett*, a judge of the Superior Court, to certify to this court a portion of the transcript of the evidence and rulings upon the trial presided over by him of a cause tried to a jury in the Superior Court in Fairfield County, and now pending in this court on appeal. *Application denied.*

*Spotswood D. Bowers*, for the defendant (applicant).

*Robert W. DeForest*, for the plaintiff.

PRENTICE, C. J. The issuance of this order is asked in aid of the defendant's pending appeal. The trial judge declined to find a fact as the defendant requested. The defendant excepted to this failure, and asked that certain claimed extracts from the testimony be made a part of the record for a correction of the finding as provided in § 795 of the General Statutes. The judge refused to do so, upon the ground that the evidence in question was not admitted but excluded. We are now asked to direct him to certify to us the transcript of proceedings upon the trial claimed to show that the evidence was admitted, and that the fact which the court refused to find was thereby established.

The power to issue an order such as is asked for doubtless resides in this court in the exercise of its general appellate and supervisory jurisdiction. *McNamara v. McDonald*, 69 Conn. 484, 489, 38 Atl. 54; High on Ex-

traordinary Legal Remedies (3d Ed.) § 27. It will not, however, be exercised when it appears that no useful purpose will be served thereby.

The application sets out fully the situation, the end desired, and the evidence and rulings sought to be brought into the record by the certification. It furnishes all the information necessary to an intelligent judgment as to the purpose which would be served were the transcript incorporated into the record as desired. The situation arises out of a ruling made in the language "It is excluded" at the conclusion of an extended colloquy between court and counsel concerning the competency as evidence of matters occurring after the commencement of the action which a witness was engaged in giving. He had proceeded without objection for a short time when defendant's counsel, discovering the sequence of dates, objected generally to all such matters, and asked for the exclusion of all that class of testimony. The court ended the colloquy which followed with the language recited. It is now contended by counsel for the party in whose interest the objection was made that the pronoun "it," used to designate the evidence excluded, was not used to comprehend all the testimony within the objection, so that the particular testimony now in question, although covered by the objection, was not covered by the rule. We cannot concur in this proposition. An examination of the contention of the parties, the colloquy which the ruling brought to a close, the disclosure made therein of the court's views, and the character of the evidence and of the objections, convinces us that the ruling was intended, and understood to be intended, to be as comprehensive as the objection, and that the intent, and understood intent, of the court was to exclude from the jury's consideration all the evidence which came within the objection and within the operation of the rule the

court manifestly adopted. Upon any other theory it would be difficult to explain the objector's apparent satisfaction with the ruling, evidenced by his failure to press the matter further. The contention now made by defendant's counsel at once convicts the trial counsel of failure to pursue his advantage, and the court of the inconsistency of, in a single ruling, dealing one way with one portion of a clearly defined class of testimony and another way with another portion palpably subject to the same rule. It is also significant that a reference to this ruling, subsequently made by the court, confirms the view we have taken of its scope.

The application is denied.

In this opinion the other judges concurred.