Opinion of the Court,
bf-Ch. J. Bofle.
THIS was an action of detinue, brought by Susanna as administratrix, and James Downing as administrator of Benjamin Duncan, deceased, against Duncan and Daniel Duncan, for the detention sundi’y notes or bonds executed by Benjamín Hudgens to the intestate. The cause was tried upon the plea of non detinet, and on the trial it appeared from the evidence that the intestate had, in his lifetime, been possessed of the bonds in question, and had deposited them in the hands of one Hanks, telling him to keep them until he called for them; that his wife and her ohildren were wasting his estate, and he was afraid to keep the bonds in his house, lest they should rob him of and that if he did not call for them, they were to |3e given, after his death, to his children by his first wife. It also appeared that the intestate was not then sick, but that he died in about six months, intestate, leaving a considerable real and personal estate; that the plaintiffs had administered upon his estate, and that Hanks, shortly after his death, delivered the bonds in question to the defendants, who were the intestate’s children by his first wife.
On the evidence being closed, the plaintiff moved the court to instruct the jury, in substance, that the proof did not establish either a donatio mortis causa, or a nuncupative will, and that the defendant had shown no title to the bonds; but the court overruled the motion, and instructed the jury “that if they believed there was an actual gift of the bonds, upon condition that the intestate should die, and upon those terms the bonds were delivered to Hanks, such gift was good and valid as a gift inter vivos, and gave to the defendants the property in the bonds, without any consideration therefor, other than that of blood, whether such a gift • possessed all the requisites of a gift mortis causa, or not.”
To the opinion of the court the plaintiffs excepted, and a verdict and judgment having been rendered against them, they have brought the cause to this court.
*13 It is perfectly clear, that the court below was mistaken in supposing that the transaction in this case amounted to a valid gift inter vivos. To the Validity of such a gift, it is essential that there should be a delivery to the donee, and that the property of the thing given should immediately pass and be irrevocable by the donor. But,'in this case, the evidence did not conduce to show that there had been any delivery of the bonds by the intestate to the defendants. Hanks, to whom they were delivered by the intestate, was not the agent of the defendants, and a delivery to him, therefore, cannot be construed to be equivalent to a delivery to them. Nor could the property of the bonds have passed by their delivery to Hanks. He was a mere depository, and was bound to restore them when called on for that purpose by the intestate, in whom, by the very terms of the deposite, the property remained during his life, and the whole transaction was therefore revocable at his pleasure, and as a gift inter vivos it could not take effect. It has more the semblance of a donatio mortis causa; bat a delivery is not less essential to the validity of a donatio mortis causa, than it is to a gift inter vivos, and as there was no delivery of the bonds in question, to the defendants, by the intestate, the transaction cannot be considered as possessing legal validity in either character. Roper’s Law of Legacies, 1 and 2.
The transaction has, however, a still greater analogy to a nuncupative will, than it has to either a gift inter vivos or a donatio mortis causa. It was undoubtedly the intention of the intestate, that the property of the bonds in question should, at his death/ be vested in the defendants, and this intention seems sever to have been revoked in his lifetime. As a nuncupative will, the transaction might, therefore, have taken effect, we apprehend, according to the principles of the common law. But by the statute of this country concerning wills, certain requisites are made essential to the validity of a nuncupative will, no one of which has been complied with in this instance, and the transaction, as a nuncupative will, is therefore void. 2 Dig. L. K. 1243.
The circuit court, therefore, erred, as well in the instructions given to the jury, as in refusing to give the instructions asked by the plaintiffs, and the judgment must be reversed with costs, and the cause be reminded, that a new trial may be had.