Chief Justice Bibb
delivered the Opinion of the Court.
The defendant Dixon, in an action of detinue, by David Walden’s administrator, claimed the property, by gift from, said David, The only-question which deserves consideration, grows out of the evidence and instruction of thq court thereon, relative to the marc.
David Walden, the owner of the mare, and the defendant Dixón lived at Mrs. Rankin’s. The plain* proved that 'the mare was left at Mrs. Rankin’s wjieil ^ sayq David left Kentucky for Missouri, where he died; this witness stated,' that David Walden, when about to leave Kentucky, told the defendant Dixon, that 'he would leave his mare with him, and if said David returned, he would expect to get his mare again, but if he never re* turned, the mare was to be the defendant’s. The defendant proved by one'witness., “that a day or two before the intestate left Kentucky, he told the witnesss, that he had given up his mare to the defendant, and that if he never, did return, defendant was to have her, but if he returned, he.was to have her again.” The mare had been in defendant’s possession ever since the intestate left Kentucky; he never returned, but died in Missouri.
The court decided, that if the jury believed the evidence, it amounted to á valid gift, and transferred the property to the defendant, to which the plaintiff excepted.
By the testimony of both witnesses, as well the one on the part of the administrator, as that on the Pai',; of the defendant, it appears, that the right of David Walden, to reA-possess himself of his mare, was reserved by him, to be asserted, whenever he sh°Md- return to Kentucky; and the right of Dixon was incomplete, and contingent, and remained so, until it should be determined whether David Walc{en would 'ever return to Kentucky. This contin *171 'gency then depended on the death of David Walden. During his life, he. had the potential right of reclaiming the possession by returning to Kentucky.; and during the life of Walden, Dixon’s claim and possession was" qualified by the interest and right of reclamation' which Walden had so retained. The right of property claimed by Dixon, since the death of Walden, cannot be referred to or maintained by the right of contract, for want of a consideration; hone is pretended. It cannot be maintained ás a gift operating instanter. The right and interest retained by Dixon, is inconsistent with the definition of a title by gift, as explained by Blackstone, in his chapter on gift, giant and contract. (2 Black, com. chap. 30, p. 441.) It cannot be maintained as donatio mortis causa; it was hot done iri Walden’s last illness, but when in health, and about to set out on a journey. (See Duncan’s administrators vs. Duncan, 5 Litt. 12.) It cannot be maintained asi a testamentary gift. The discussions in the cases of Ward vs. Turner, (2 Vesey, sen. 431,) and Miller vs. Miller and others, 3 Pr. Wms. 357, shew that it cannot be a donatio mortis causa, nor a testimentary gift; and under our statute, this disposition signified by David Walden connot take effect as a nuncupative will; it was not done in the time of hi's last sickness,-nor as his last will and testament; nór has it been reduced to writing in the time required by the statute. This appears to be an intended gift by Walden, then in no present danger, but in' consideration of mortality, if he died without returning; this is properly a a legacy, the property was to pass at his death,- not at the time, 'and must be treated as an intended nuncupative testament, and void by our statute.
Whatever may have been intended, therefore, by Walden, in relation to this property, and howsoever willing he may have been that Dixon should have it, if lié never returned to Kentucky, that intention cannot have the effect to pass the right of property from Walden to Dixon, because that intention has not been signified and declared according to the rules of law, established for the general safetv and protection of property, against spurious and fraudulent claims by strangers.
iMayes, for plaintiff; Crittenden, for defendant.
The claim made in like mannei’ by Dixon, to tlie colt and the saddle must fall; they are less colorable than the claim to the mare.
It is, therefore; considered by the court, that the verdict and judgment be set aside, and the cause fe .landed for a venire facias de novo.
Plaintiff to recover his costs in this court.