CASE 57—PETITION EQUITY—SEPTEMBER 20.

## Ashbrook vs. Ryon's adm'r.

## Crutcher vs. Same.

## Murphy and wife vs. Same.

### APPEAL FROM HARRISON CIRCUIT COURT.

The delivery of promissory notes given *causa mortis* passes the beneficial interest therein to the donee. (*Turpin vs. Thompson, &c.,* 2 *Met.,* 420.) But money in bank does not pass by the delivery of the pass-book.

A. H. WARD,                                        For Appellants.

W. W. TRIMBLE,                                    For Appellee,

CITED—

*Williams on Executors, title "Causa Mortis."*

A. J. JAMES,                                       On same side.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

These cases were heard together in the court below, and are here on the same record. They involve the same questions, and the rights of the parties are connected; therefore, we will consider them together, without reference to whether a formal order of consolidation was made.

Dennis Ryon died without issue or even collateral kindred in the United States, at the house of John Murphy, after severe and offensive sickness, in which Mrs. Murphy attended him with all the assiduity inspired by maternal affection. Being told by his physician that his illness would likely terminate fatally, after expressing

some hope of recovery, he stated that if he recovered he intended that Mrs. Murphy should have a home, and if he died, he wanted her to have all his estate. That such was his desire in view of his approaching dissolution is well established.

Murphy and wife claim, that, but a few days before his death, he delivered his pass-book, in which an entry was made of a deposit of something over five hundred dollars in the Cynthiana Bank, and that in said pass-book were the notes now in controversy; and that he then gave these notes and the deposit to Mrs. Murphy should he never recover. Dr. Williams states, that, on the same day, Ryon told him he wanted Mrs. Murphy to have all his estate in case he died. She showed him the pass-book and several notes on different persons, and told him Ryon had given them to her for her kindness, and that she would not then be more than half paid.

Her minor son proves the gift and delivery. It is true that there are, as is usual, some difference in the statements of these various witnesses as to minor facts; but, instead of this impairing the value of their evidence on the main facts, goes to preclude the idea that the evidence was manufactured.

We regard it as sufficiently established that Dennis Ryon, in view of his approaching end, and as a reward to Mrs. Murphy for her kindness and devotion to him *in extremis*, did deliver to her or her husband for her use the pass-book and the notes, to be hers in case he died. What effect should be given to this delivery?

In *Turpin vs. Thompson, &c.* (2 *Met.*, 420), this court held, that the doctrine that a promissory note given *causa mortis* must either be payable to bearer or be assigned has been exploded, and that now the delivery of such note passes the beneficial interest to the donee;

and we regard this as the rational doctrine more accordant to principle and modern authority.

E. H. Brants, after administration on Ryon's estate, ○ withdrew the money from the bank and sued the obligors on these notes, and Murphy and wife, asserting title to the money, and denying Mrs. Murphy's title thereto, some of whom had paid to her husband their notes and taken them up.

The court held the gift *causa mortis* incomplete, and rendered judgment against the obligors and Murphy and wife for these notes.

The money deposited in bank did not pass by the delivery of the pass-book, and the gift as to it was not perfect; but as to the notes the gift was complete, and passed the beneficial interest therein to Mrs. Murphy; and the obligors, so far as they have paid to her or her husband, should be protected, and she should be permitted to collect the remainder.

Dennis Ryon had published his written will some five years before his decease; but this can have no effect, so far as Mrs. Murphy is concerned.

Wherefore, the judgments are reversed, with directions to the court below for further proceedings in accordance to this opinion.