Jones' Adm'r v. Moore.

---

CASE 97—PETITION ORDINARY—January 15.

| 102 | 591 |
| 126 | 788 |

# Jones' Adm'r v. Moore.

### APPEAL FROM BALLARD CIRCUIT COURT.

1. PRACTICE IN CIVIL CASES—HARMLESS ERROR.—Upon the trial of an issue as to whether a decedent had made a gift or present to the plaintiff, where the evidence showed conclusively that the gift was made in consideration of love and affection, and completed by delivery of possession; an instruction by the court assuming that such was the fact was not prejudicial.

2. GIFTS—ACCOUNTS AND BOOKS OF ACCOUNTS.—While a mere account, or even a book of accounts, may not be *per se* evidence of indebtedness by the person against whom they are drawn, there may exist a property right, of an equitable character, enforcible against the debtor upon proof of their correctness, and such property right is subject to transfer, either in writing or by parol, and either as a gift or on contract.

Jones' Adm'r v. Moore.

J. M. NICHOLS & SON, FOR APPELLANT.

1. An examination of the books will show that in no instance was
   there any sum of money entered or charged therein against any-
   body, and they could not be made the subject of any contract or
   gift; the delivery of these books was nothing more nor less than
   the delivery of blank paper and could confer no right upon ap-
   pellee. Ashbrook v. Ryan's Admr., 2 Bush, 228.
2. There was no evidence of the gift, or delivery of the books, shown
   by the plaintiff, and the motion for a peremptory instruction
   should have prevailed.
3. The decedent revoked the gift when he sent his brother to appel-
   lee with a message to deliver his books to another.

BUGG & WICKLIFFE, FOR APPELLEE.

1. A chose in action may be transferred by parol. 17 B. M., 626; 3
   Marshall, 292; 2d Met., 530; 3 Marshall, 43; 6 Bush, 687; 91 Ken-
   tucky, 596.
2. If the gift had been made in contemplation of death, the evidence
   introduced by appellant, and relied upon to show revocation
   thereof, was only vague and uncertain hearsay evidence and
   should not have been permitted to go to the jury. 29 S. W. Rep.,
   21. But if it was properly admitted the question of fact has been
   passed on by two juries.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellee, Frank Moore, an infant, suing by his father
and next friend, brought this action against S. K. Mills,
administrator of R. A. Jones, to recover a book of accounts
alleged to have been given to him by R. A. Jones, who was
his uncle, in consideration of love and affection and ser-
vices rendered, and also the proceeds of accounts collected
by Mills, part before the death of R. A. Jones and part
after his death, as his administrator. The evidence con-
clusively shows that the gift was made in consideration
of love and affection, and we think it satisfactorily appears
that the gift was completed by delivery of possession and
acceptance by the donee. Appellant was, therefore, not
prejudiced by the assumption of fact by the court in an

instruction given, that the gift was made and completed. But if the court erred at all in that instruction it was in the assumption, to the prejudice of appellee, that such gift was made in contemplation of the death of the donor, for, in our opinion, the evidence shows it was instead of a gift *inter vivos*. However, treating it as a gift *causa mortis,* as the court seems to have done, the question was fully submitted to the jury, whether the donor subsequently revoked the gift and upon that issue the jury, having evidence to support the verdict, found in favor of appellee, and we have no right to disturb that verdict.

The position of counsel that an account or book of accounts can not be the subject of transfer as a gift is untenable. For while a mere account or even a book of accounts may not be *per se* evidence of indebtedness by the person against whom they are drawn, there may exist a property right of an equitable character enforcible against the debtor upon proof of their correctness, and such property right is subject to transfer either in writing or by parol and either as a gift or a contract.

Judgment affirmed.