CASE 91.—ACTION BETWEEN ELLEN McCOY'S ADMINIS-
TRATOR AND WILLIAM H. McCOY, AS TO A GIFT
INTER VIVOS OR CAUSA MORTIS OF A BANK
DEPOSIT BY THE DELIVERY OF THE BANK PASS-
BOOK.—October 23.

## McCoy's Admr. v. McCoy

Appeal from Kenton Circuit Court.

M. L. HARBESON, Circuit Judge.

From the judgment the administrator appeals—
Affirmed.

1. Gift—Inter Vivos—Requisites.—In a gift inter vivos the donor must not only part with possession of the property, but with dominion over it; it being unconditional and irrevocable.

2. Same—Causa Mortis.—A gift causa mortis is one by a sick person, who, apprehending his dissolution, delivers or causes to be delivered to another the possession of any personal

McCoy's Adm'r v. McCoy.

goods to keep as his own in case of the donor's death, and it only takes effect in case the donor dies, being conditional and revocable by the donor at any time.

3. Same—Delivery—Evidence.—Evidence that decedent told defendant to go to the cupboard and get a bank pass-book that was there, and that on his bringing it she handed it back to him, saying, "This is yours," requesting him to pay her debts and not squander it, contained all the elements necessary to show a complete delivery, whether it was treated as a gift inter vivos or causa mortis.

4. Same—Subject of Gift—Money in Bank.—There may be a gift of money on deposit in a bank by the delivery of the pass-book, whether it be a savings bank or an ordinary deposit bank.

5. Same—Evidence.—On the issue as to whether or not there was a gift of money on deposit in a bank, evidence that previous to the gift the donor had expressed an intention to leave the property to the donee was admissible.

6. Appeal—Review—Questions of Fact—Conflicting Evidence.—Where the testimony is conflicting, it is the province of the jury to weigh and determine its sufficiency.

E. J. BRITTING and ORLANDO P. SCHMIDT attorneys for appellant.

### POINTS AND AUTHORITIES.

1. Gifts causa mortis are not favored in Kentucky. (Albro v. Albro, 65 S. W., 592.)

2. It was error in the lower court to submit a part only of the issues to the jury and to itself preadjudge another part. (Am. & Eng. Ency. of Law (2 Ed.), vol. 14, p. 1054; Knott's Adm'r v. Hogan, 4 Met., 99; Waldon's Adm'r v. Dixon, 5 T. B. Mon., 170.)

3. The court erred in admitting and excluding testimony. (Hill's Gaurdian v. Hill, 29 Ky. Law Rep., 201; Bailey v. Barclay, 22 Ky. Law Rep., 1244.)

4. The grandchildren of decedent, although residuary distributees, were competent witnesses for her. (Swinebroad v. Bright, 24 Ky. Law Rep., 2253.)

5. The delivery of the pass-book did not pass title to the fund deposited in the trust company. (Ashbrook v. Ryan, 2 Bush, 228; Headly v. Kirby, 18 Pa. St., 326; Redfield on Wills, vol. 3, p. 344; 14 Am. & Eng. Ency. of Law (2 Ed.), p. 1030.)

ROBERT C. SIMMONS for appellee.

McCoy's Adm'r v. McCoy.

## POINTS AND AUTHORITIES.

1. The gift of a deposit in a savings bank may be consummated by the delivery of a bank pass-book.   (Jones' Adm'r v. Moore, 102 Ky., 591; Stephenson's Adm'r v. King, 81 Ky., 433; Pierce v. Boston Savings Bank, 129 Mass., 425; Tillinghast Adm'r v. Wheaton Ex'r, 8 R. I., 536; Hill v. Stevenson, 63 Me., 364; Redden v. Thrall, etc., 125 N. Y., 572.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The principal question involved in this controversy is whether or not a deposit in a bank may be the subject of a gift inter vivos or causa mortis by the delivery of the pass book of the depositor.   In the petition it is alleged that three days before her demise, and while under the apprehension of death, Ellen McCoy, the mother of appellee, William H. McCoy, delivered to him a deposit book of a savings bank, in which she had $1,209 to her credit, and a promissory note on which there was an unpaid balance of $402.   The day following Mrs. McCoy became unconscious, and remained so until her death.   Except for the statement that the book was delivered in her last illness, and while she was under the apprehension of impending dissolution, the petition does not disclose whether the pleader intended to rest his right of recovery upon a gift inter vivos or causa mortis. Indeed, so far as the circumstances surrounding the gift and the manner of its delivery are concerned, there is no substantial difference between the two classes of gifts.   In both cases the thing must be personal property, and there must be a delivery, actual or constructive.   In a gift inter vivos, the donor must not only part with the possession of the

property, but with the dominion over it. It is uncon-- ditional and irrevocable. While a gift causa mortis is a gift by a person in sickness, who, apprehending his dissolution, delivers or causes to be delivered to another the possession of any personal goods, to keep as his own in case of the donor's death; and it only takes effect in case the giver dies. It is conditional, and the donor may at any time revoke it. Bouvier's Law Dict. titles "Donato Mortis Causa," "Gifts Inter Vivos;" Duncan's Adm'r v. Duncan, 5 Litt. 12; Meriwether v. Morrison, 78 Ky. 572.

The evidence discloses the following facts concerning the gift: Mrs. McCoy told appellee to go to the cupboard, raise a plate, and get a book that was there. He got the book and gave it to her, when she handed it back to him, saying "This is yours," and requested him to pay her debts and not squander it. This evidence contains all the elements necessary to show a complete delivery, whether it be treated as a gift inter vivos or causa mortis. There was no condition attached showing that it was not to take effect in the event the donor did not die; but, as she did die within a few days thereafter, we think the gift may be sustained either upon the theory that it was a gift inter vivos or a gift causa mortis, as it had many of the features belonging to each class, and none of those that distinguish gifts causa mortis from those inter vivos, except the circumstance that the donor died in a few days thereafter. The lower court, entertaining this view, instructed the jury that "if they believed from the evidence that the decedent, Ellen McCoy, during her lifetime delivered the savings bank deposit book and the note to the plaintiff, W. H. McCoy, with the purpose and intent of giving said note and the money on deposit in said bank to him, the jury

will find for the plaintiff." The authorities hold, almost without exception, that the delivery of a pass or deposit book in a savings bank transfers the money on deposit to the donee. Jones v. Weakley, 99 Ala. 441, 12 South. 420, 19 L. R. A. 700, 42 Am. St. Rep. 84; Ridden v. Thrall, 125 N. Y. 572, 26 N. E. 627, 11 L. R. A. 684, 21 Am. St. Rep. 758; Pierce v. Boston Five Cent Savings Bank, 129 Mass. 425, 37 Am. Rep. 371; Hill v. Stephenson, 63 Me. 364, 18 Am. Rep. 231; McNamara v. McDonald, 69 Conn. 484, 38 Atl. 54, 61 Am. St. Rep. 48; Page v. Lewis, 89 Va. 1, 15 S. E. 389, 18 L. R. A. 170, 37 Am. St. Rep. 848.

In this State the precise point here presented has never been directly adjudicated, except in Ashbrook v. Ryon, 2 Bush, 228, 92 Am. Dec. 481, where the question arose as to whether the delivery of a pass book in an ordinary bank of deposit transferred the money on deposit, and the court, without assigning any reason, simply said: "The money deposited in bank did not pass by the delivery of the pass book, and the gift as to it was not perfect." But in the later appeal of Stepheson's Adm'r v. King, 81 Ky. 425, 5 Ky. Law Rep. 374, 50 Am. Rep. 173, the court, in commenting on this statement and in effect over-ruling the case, said: "This court, in Ashbrook v. Ryon, held that the delivery of the notes without assignment perfected the gift, and it is there further held that the delivery of the pass book did not give right to the money in bank. Why it did not is not stated; but, if equivalent to a certificate of deposit, we see no reason why it should not have been a complete gift. What evidence the pass book contained of the deposit in that case does not appear. If an ordinary pass book, and it must be so inferred, it was an acknowledgment by the bank that the donor had to

his credit in the bank that much money; and when actually delivered we cannot see why it did not pass the right." Following the last-named case, which is in harmony with the current of authority, we are of the opinion that there may be a gift of the money on deposit in a bank by the delivery of the pass book; and this, without reference to whether it be a savings bank or an ordinary deposit bank.

A distinction between savings banks and other banks is made in Jones v. Weakley and Page v. Lewis, supra, based upon the ground that in savings banks the fund can only be withdrawn by the production of the pass book, hence it is the best delivery available under the circumstances, while in other banks, as the check of the depositor is sufficient to transfer the funds to the holder of the check, and in fact the usual, if not only, method by which the deposit can be transferred, the production of the book at the bank not being necessary, a check should be made out by the donor, as this would be more appropriate evidence of the gift than the delivery of the book. We are not impressed with the soundness of this attempted distinction. It is well settled that there may be a constructive or symbolical delivery, as of the key to a trunk or vault in which the property is deposited, or a book of accounts. Stephenson v. King, supra; Jones' Adm'r v. Moore, 102 Ky. 593, 19 Ky. Law Rep. 1640, 44 S. W. 126; 14 Am. & Eng. Ency. of Law, p. 1021. And the delivery of a pass or deposit book in any bank as a gift, although symbolical, manifests as clear an intention to transfer to the donee the money represented by it as does any other constructive delivery. The mere fact that a check might be better evidence of the intention to make the gift complete will not be allowed to defeat

the purpose of the donor. In this class of cases, as well as others, the intention of the giver must be looked into. The purpose with which the delivery is made must be considered; and from the facts and circumstances surrounding the transaction the court or jury trying the case must determine whether or not the gift was designed to be and was completed. Generally the delivery must be as perfect as the nature of the property will admit; but the manifest desire of the donor will not be set aside by a narrow construction that would defeat his purpose. In the case before us there is little room to doubt that Mrs. McCoy by the delivery of the book intended to transfer all that the book represented, and in her eyes it stood for all the money on deposit in the bank. If she had written a check for the amount of her deposit and given it to her son, or if the money, in place of being in bank, had been in her possession, and she had handed it to him, it would not have illustrated with any more clearness or certainty her intention than did the delivery of the book. Ellis v. Secor, 31 Mich. 185, 18 Am. Rep. 178.

It is strongly urged that the law treats these transactions with disfavor, and that they will not be upheld, when involved in doubt or not supported by the most convincing evidence. In a limited sense this is true, and they should be carefully scrutinized, because offering exceptional opportunities for the commission of fraud. But, when established by competent and satisfactory evidence, the courts are no more authorized to set them aside than they would be to annul any other legitimate transaction that was supported by testimony sufficient to sustain it. It is pointed out in the brief of counsel for appellant that the court permitted appellee to introduce evidence

showing that his mother, previous to the gift, had expressed an intention to leave this property to him, but excluded evidence offered by appellant showing a contrary purpose. To illustrate the intention of the donor, and to show whether or not a gift had been made, evidence indicating a desire upon her part to give this property to her son was competent, as would have been testimony that she had expressed a purpose not to leave it to him. We have carefully examined the record for the purpose of ascertaining the evidence said by counsel to have been excluded, and have not discovered any evidence offered by appellant that was not permitted to go to the jury. In fact, with few trifling exceptions, all the testimony introduced by both of the parties was admitted, and each was allowed the fullest opportunity to present his side of the case.

Complaint is also made that the verdict is flagrantly against the evidence, and for this reason a new trial should be granted. As is usually the case, when there is a controversy touching an issue of fact, the testimony is conflicting; but it was the province of the jury to weigh and determine its sufficiency. The real question at issue was submitted to them by an appropriate instruction, and it cannot be said that their verdict is not supported by sufficient evidence to sustain it.

Finding no prejudicial error in the record, the judgment must be affirmed.