REBECCA A. MOORE'S ADMR. *v.* ALMON JACOB CROSS.

May Term, 1912.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed July 4, 1912.

*Gifts—Note—Evidence—Argument of Counsel—New Trial—*
*Grounds—Intoxication of Witness.*

In an action of trover by an administrator against intestate's son for
the value of a promissory note, where the issue was whether the
note was delivered by intestate to defendant as a gift or only for
collection, it was error to exclude testimony that, shortly after
intestate delivered the note to defendant, she said that certain
other heirs, who were her grandchildren, had never done any
work for her without having been well paid, and that she wanted
her property to go to her son and daughter.

In an action of trover by an administrator against intestate's son for
the value of a promissory note, brought three years after intestate's
death, where the issue was whether the note was delivered by
intestate to defendant as a gift or only for collection, the fact that
defendant's sister appeared in court intoxicated and testified while
in that condition, did not justify defendant's attorney in arguing
that the jury might infer from the condition of the witness that
the mother thought the witness would be better cared for if the
property were left in defendant's hands, and so the suggestion of
the plaintiff's attorney in reply that the condition of the witness
was "attributable to the good offices of the defendant," was not
ground of exception.

Public policy requires a new trial, regardless of any fault of the pre-
vailing party, where an important witness appeared in court and
testified while in an intoxicated condition, which was produced
by brandy furnished her by the deputy sheriff who arrested her
on a bench warrant.

TROVER for promissory note. Plea, the general issue. Trial
by jury at the October Term, 1911, Essex County, *Butler,* J.,
presiding. Verdict and judgment for the plaintiff. The de-
fendant excepted. The exceptions state that plaintiff's attorney

in his closing argument, in reply to the argument of defendant's attorney referred to in the opinion, suggested "that if the jury were to read between the lines they might, with equal propriety, read that the unfortunate condition of the witness on the stand was attributable to the good offices of the defendant."

*Henry W. Lund* and *Elisha May* for the defendant.

*Dunnett & Slack* and *Ira W. Thayer* for the plaintiff.

WATSON, J.   At the time of the intestate's death the defendant, her son, had in his possession the note in question, originally given to and owned by her.   The plaintiff claimed in the trial below, and his evidence tended to show, that the intestate, in her lifetime, put the note into the defendant's hands for collection; while the defendant claimed, and his evidence tended to show, that she gave it to him as his own property.   This was the issue presented to the jury.   The intestate left surviving her as heirs, besides the defendant, a daughter, Mrs. Iris Lyons, and two grandchildren, Laura B. Harriman and Walter Harriman.

It fairly appears from the exceptions that the defendant offered to show that probably not more than two months after the intestate gave the note to the defendant, she said that the Harriman children had never done any work for her without they had been well paid for it; that they did not do much work anyway, and that she wanted her property to go to her son and daughter; did not want the Harriman children to have any part of it, or that in substance.   The evidence thus offered was excluded, unless the defendant could show that the declaration of the intestate had some connection with the gift of the note. This was error.   The evidence as offered had a tendency to show such views and feelings by the intestate toward the several natural objects of her bounty as to render it more probable that the note was a gift from her to the defendant.   *Foster's Exrs. v. Dickerson,* 64 Vt. 233, 24 Atl. 253; *In re Esterbrook's Will,* 83 Vt. 229, 75 Atl. 1; *In re Barney's Will,* 71 Vt. 217, 44 Atl. 75; Thornton on Gifts and Advances, sec. 238.

Mrs. Lyons, the defendant's sister, was summoned to appear in court on a day named, but failed to comply with the summons.   Thereupon she was brought into court on a bench

warrant. Her appearance in court clearly indicated that she had been drinking, and that she was then more or less under the influence of liquor. In arguing the case to the jury, one of defendant's attorneys, while discussing the claimed gift of the note to the defendant, referred to the condition of Mrs. Lyons as the jury had observed her upon the witness stand, and said to the jury in substance, that in view of what they had seen of Mrs. Lyons on the stand and the interest which the evidence showed the defendant had exhibited in his mother's affairs and the attention he had shown her, they might read between the lines that the intestate, with a mother's foresight, thought it wiser that the property be left in his hands, and that the daughter would thus be better cared for and protected. One witness testified that the intestate said that Job had been very good to her, and that Mrs. Lyons had been a source of much trouble to her. But our attention has been called to no evidence tending to show the nature of the daughter's conduct, troublous to the mother. One's imagination in this respect leads one in various directions, and it cannot be said that her mere condition at the trial, three years after the time when upon defendant's evidence the gift was made, fairly affords an inference warranting the argument made. This being so, the suggestion of plaintiff's attorney in reply was not ground of exception. *McMullen* v. *Erwin,* 69 Vt. 338, 38 Atl. 62; *State* v. *Slamon,* 73 Vt. 212, 50 Atl. 1097, 87 Am. St. Rep. 726.

One ground set forth in the petition for a new trial is, that the witness Mrs. Lyons, who was brought into court on a bench warrant in an intoxicated condition, was furnished with the brandy which produced that condition by the deputy sheriff who arrested her on the warrant, and while he had her in charge before delivering her in court. This deputy sheriff was a brother of the plaintiff administrator, but the case does not show that the latter was cognizant of, or in any way responsible for, this most reprehensible act of his brother. Yet the woman was an important witness in the case, and by her intoxication both sides were deprived of the benefit of her testimony, given, as they were entitled to have it, in an intelligible and comprehensive manner. To furnish her with the intoxicating liquor in the circumstances, as the deputy sheriff did, was in effect such an interference with the due administration of justice as on the

grounds of public policy requires the granting of a new trial. See *Austin and McCargar* v. *Langlois,* 81 Vt. 223, 69 Atl. 739.

*Judgment reversed and cause remanded. Petition for a new trial granted with costs to the petitioner.*