WITTENBRAKER, ADMINISTRATOR, v. DREMSTETT.

[No. 23,264.   Filed February 19, 1918.]

1. GIFTS.—*Evidence.*—*Admissibility.*—In an action by an administrator against the decedent's son to recover property claimed by the defendant son as a gift from deceased, the deceased's will, which contained an item devising all the residue of the estate to the defendant, was admissible in connection with other evidence to show the feeling existing between the father and son and the mental attitude of the father in regard to the disposition of his property. p. 156.

2. GIFTS.—*Evidence.*—*Admissibility.*—In an action by an administrator against the decedent's son to recover money claimed by the defendant son as a gift from deceased, a written agreement by the heirs, including defendant, to set aside the will was not admissible, since the defendant claimed the property by gift *inter vivos* and not on any right or title by distribution under the will. p. 157.

3. TRIAL.—*Evidence.*—*Reception.*—*Request for Instruction.*—In an administrator's action for recovery of personal property claimed by the decedent's son, where a will was admissible in evidence by the defendant for a certain purpose, if the plaintiff apprehended that the jury was likely to misapply it as evidence, it was his duty to request an instruction limiting its scope. p. 158.

From the Gibson Circuit Court; *Simon L. Vandeveer,* Judge.

Action by Charles W. Wittenbraker, administrator *de bonis non* with the will annexed of the estate of Christopher Dremstett, deceased, against Fred Dremstett. From a judgment for defendant, the plaintiff appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590). *Affirmed.*

*Lewis O. Rasch, James T. Cutter* and *Funkhouser, Funkhouser & Markel,* for appellant.

*Brill, Hatfield & Brady, James F. Ensle* and *Charles G. Covert,* for appellee.

LAIRY, J.—This action was brought by appellant, representing the estate of Christopher Dremstett, deceased, to recover from appellee on account of a large sum of money and certain notes alleged to be the property of the estate of Christopher Dremstett. The complaint charged that appellee had wrongfully concealed such notes and money, and had converted the same to his own use. The answer was a general denial, and a trial by jury resulted in a verdict and judgment in favor of appellee. The questions here presented arise upon the ruling of the trial court in denying appellant's motion for a new trial, which is the only error assigned on appeal.

The defense disclosed by the evidence shows that appellee claims title to the property, for the value of which the action was brought, by virtue of gifts made to him by his father in his lifetime. On the trial the court admitted in evidence, over the objection of appellant, the last will of Christopher Dremstett, deceased, by which testator specifically devised to his children, Fred Dremstett, Caroline Vogt, Dena Gerling and Louise Schleuter each a certain described lot in the city of Evansville. The lots devised to Fred and Caroline were each charged with the payment of $200, and the lots devised to Dena and Louise were each charged with $300 to create a fund with which to pay certain legacies provided for in items Nos. 9 and 10 of the will. The devises aforesaid were all made subject to a life estate in all of testator's real estate in favor of his wife, Johanna Dremstett. After making the specific devises mentioned and providing for certain small legacies and disposing of his household goods, the rest and residue of the estate was disposed of by item No. 12 of the will, which reads as follows:

"In view of the fact that my son, Fred Dremstett, has promised and agreed out of filial regard and af-

fection to provide a home and maintenance for myself and wife and for each of us for the remainder of our lives respectively, I give, devise and bequeath unto my said son, Fred Dremstett, all the rest and residue of my estate, real and personal."

The ruling of the court in admitting this will in evidence was assigned as a cause for a new trial and this constitutes the principal ground upon which appellant relies for a reversal.

There was evidence on behalf of defendant to show that on the day the will was made Christopher Dremstett, who at the time held certain notes executed by his son Fred, returned them to the maker, and that on the same evening they were burned by the direction of the father in the presence of a son of defendant. There was also other evidence to show gifts of other notes and of money by the father to his son. Under such a state of the evidence the will of Christopher Dremstett was competent evidence to be considered with other evidence to determine the feelings existing between the father and son and the mental attitude of the father in regard to the disposition of his property. Where it is shown that property claimed as a gift was delivered, evidence indicating a desire to give property to the person to whom the delivery was made is admissible to show the intention with which the delivery was made. *McCoy's Admr.* v. *McCoy* (1907), 126 Ky. 783, 104 S. W. 1031; *Meriden Savings Bank* v. *Wellington* (1894), 64 Conn. 553, 30 Atl. 774; *Moore's Admr.* v. *Cross* (1912), 86 Vt. 148, 84 Atl. 22; *Wise's Estate* (1897), 182 Pa. 168, 37 Atl. 936; *Fredericks* v. *Sault* (1897), 19 Ind. App. 604, 49 N. E. 909.

The case of *Ridden* v. *Thrall* (1891), 125 N. Y. 572, 26 N. E. 627, 11 L. R. A. 684, 21 Am. St. 758, is somewhat in point in the facts to which the principle just announced is applied. That case involved a gift, from

one Edwards, of savings bank books showing deposits of $40,000. The only evidence that the delivery of the box containing the books was intended as a gift was the testimony of the wife of the man claiming the gift. A letter written by Edwards on the day previous to the delivery of the box and directed to the alleged donee was introduced in evidence, which was in the words following:

> "Friend Jim,—Should I not survive from the effect of the operation about to be performed on me at St. Luke's Hospital, this is my last will and request, that you will take charge of my body, and have it placed in my family plat in Greenwood Cemetery, and also that you will take full charge of all my personal effects of every kind, and to have and hold the same unto yourself, your heirs and assigns forever. You will find my papers and all my accounts in the box."

In commenting on this letter as evidence the court said: "While standing alone, it would not have been sufficient to establish the gift, it furnishes strong confirmation of the evidence of plaintiff's wife as to the gift, and leaves no reason to doubt that it was made as she testified. It was competent as corroborating evidence, just as the oral or written declarations of the donor previously made would have been, showing the intention to give and thus corroborating the evidence as to the actual gift subsequently made. I have found no authority condemning such evidence." The evidence was proper for the consideration of the jury for the purpose indicated, and there was no error in admitting it.

In rebuttal, appellant offered in evidence an agreement in writing signed by all of the heirs of Christopher Dremstett, by the terms of which the will of their father, in so far as their interests were affected, was to be set aside and held for naught except as to the legacies provided for in item No. 9 of said will.

The court refused to admit this paper in evidence, which ruling of the court was assigned as a cause for a new trial.   This ruling was clearly right.   The issue to be determined in this case was whether the title to the property, the value of which was in controversy, passed to appellee by gift in the lifetime of his father.   This issue could not be affected by a showing that, in the absence of a gift *inter vivos,* appellee would or would not acquire title to the same property by distribution under the terms of his father's will, which became effective on the death of his father.   Appellee based his defense on a right acquired by gift *inter vivos* and not on any right or title by distribution under the will.   The will introduced in evidence was not competent to prove that appellee would acquire title to any personal property by distribution under its terms, and the jury had no right to consider it for such purpose.   It was not proper, therefore, for appellant to introduce evidence to show that the will of Christopher Dremstett had been set aside by agreement in so far as the rights of his heirs in his property were affected by it.   Such evidence would have shown that the personal property of decedent would go equally to all his heirs, and that it would not all go by distribution to appellee as residuary legatee under the terms of the will; but it could have no possible tendency to prove or to disprove a gift of personal property in the lifetime of decedent.

It is suggested in argument that the jury might have concluded that, as all of the personal property would ultimately go to appellee by distribution under the terms of the will, it could make no difference in the ultimate result whether there was or was not a gift in the lifetime of testator, and that the verdict may have been influenced by giving to the will, as evidence, an unwarranted and erroneous force and application.   The effect and application of the will as an

item of evidence might have been controlled and limited by proper instructions from the court. If appellant apprehended that the jury was likely to misapprehend or to misapply the evidence as now suggested, he should have requested instructions explaining the purpose for which the evidence could be properly considered and cautioning the jury against considering it for any unwarranted purpose.

A consideration of the evidence convinces the court that the verdict is sustained by the evidence. Judgment affirmed.

Spencer, C. J., not participating.

NOTE.—Reported in 118 N. E. 682. See under (1, 2) 20 Cyc 1221, 1223.