JOHN HANDWERK ET AL., RESPONDENTS, v. TOWN OF
GUTTENBERG, APPELLANT.

Submitted July 8, 1918—Decided November 18, 1918.

1. The authority given by a town charter to appoint subordinate officers and agents is broad enough to permit the employment of men to enforce the ordinances when the appointment of a police force is held up by litigation.

2. The act of 1912 (*Pamph. L.*, *p.* 257) authorizes the governing body of a town to appropriate annually such sums of money as shall be necessary for all the general and incidental expenses of the town, including the support and maintenance of the free public schools of the town, for the then current year. *Held,* that the appropriations for expenses other than appropriations for schools need not be made during the year. The expenses may be met out of moneys on hand from appropriations of former years.

On appeal from the Supreme Court.

For the respondents, *J. Emil Walscheid.*

For the appellant, *Warren Dixon.*

The opinion of the court was delivered by

SWAYZE, J. The plaintiffs were, on January 1st, 1914, appointed what may properly enough be called "ordinance officers" of the town of Guttenberg. Their appointment was to meet an emergency. They had previously been members of a police force created by ordinance in December, 1913. A *certiorari* had been brought to test its legality. The operation of the ordinance was thereby stayed and the town left without police protection. The present plaintiffs were then appointed "ordinance officers" at salaries somewhat less than the salaries they would have received as police officers, and thereafter they rendered the only police services in the town. The town failed to pay them, and this suit is for compensation for their services as "ordinance officers" under the appointment of January 1st, 1914. The plaintiffs are entitled to recover compen-

sation for their services unless the appointment was illegal or unless it was revoked. We think the authority given by the town charter to appoint "subordinate officers and agents" is broad enough to permit the employment of men to enforce the ordinance when the appointment of a police force is held up by litigation. The powers of such "ordinance officers" while they resemble some of the powers of a statutory police force, are not so broad, and the "ordinance officers" have not the powers of constables at common law. But it is not questioned that it was proper to have men to enforce the ordinances; if so, it was proper to agree to pay them for their services, provided the procedure was warranted by the statute, and did not amount to disregard of the *certiorari*. The statutory authority is questioned because it is said that there was no provision for the payment of the compensation of the "ordinance officers." It is not denied that the town had in hand more than enough money to the credit of the police fund and applicable thereto to pay the compensation for the year, but it is said that the compensation for 1914 must be paid out of moneys appropriated during 1914 and cannot be paid out of funds on hand from previous years. It would, we think, be hard to give a sensible reason why moneys on hand must be used before the end of the year and cannot be held and applied during the ensuing year, but reason must give way if the statute means what the defendant thinks it means.

The statute in question is chapter 169 of the laws of 1912. *Pamph. L., p.* 257. The language is: "The governing body of any town in this state is hereby authorized and empowered to pass an ordinance or ordinances for the appropriation of and to appropriate annually such sum or sums of money as shall be necessary for all the general and incidental expenses of said town, including the support and maintenance of the free public schools of said town, for the then current year; and the money or moneys so appropriated or such part thereof as in the judgment of said governing board shall be necessary shall be raised by taxation."

The appellant contends that the statute requires appropriations for the expenses of 1914 to be made during the year

1914. If this be conceded, it does not help the appellant, for no appropriation was made in 1914 for the compensation of these offcers. The money was already on hand. It may have been a surplus caused by economical management of the police fund; it may have been caused by an excessive appropriation in previous years. If the money was appropriated in 1913 for the expenses of 1914, and if that course was not authorized by the statute, it does not lie in the mouth of the defendant to question its own lawful right to use the money which the taxpayers have paid in for a lawful purpose, though they have paid it voluntarily and could have set the tax levy aside if they had wished.

The case is analogous to *Apgar* v. *Trustees of School District No. 4,* 34 *N. J. L.* 308, where a school teacher was allowed a *mandamus* to compel payment of her claim for salary because the money for the purpose was already in hand, and she, therefore, had an interest in the fund, even though she might be defeated in her action at law.

We think it unnecessary to decide whether the appellant's construction of the act of 1912 is correct. It is enough to say that the town had the money in hand to meet its obligations under the resolution of January 1st, 1914. The taxpayers had paid the money for the support of a police force and there was every reason why the town council should use it for that purpose. It is said, however, that the employment of the "ordinance officers" under the resolution of January 1st was annulled by the resolution of January 5th that all special officers' badges, with the exception of those of Rademacher and Barth, be recalled. But this resolution amounts only to a recall of badges, which may have been for the purpose of issuing new ones more suitable for the men serving as "ordinance officers" only than for men serving as policemen. At any rate, if the council meant to discharge the men, it is difficult to see why it did not say so. We think the resolution of January 5th did not repeal that of January 1st. The plaintiffs have performed their duties as "ordinance officers" and are entitled to their pay. The judgment is therefore affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.

