STATE *v.* FRED DEMARS.

May Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed October 3, 1928.

*S. E. Darling, Jr.,* for the petitioner.

*Oscar L. Shepard,* State's attorney, for the State.

WATSON, C. J.   The respondent, charged on complaint of the State's attorney for Caledonia County with the offense of being found intoxicated in the village of Hardwick on October 24, 1927, was tried therefor by jury before Honorable Harry Blodgett, municipal court judge of said county, at Hardwick on the 26th day of January, 1928, and found guilty as charged. Judgment was rendered on the verdict and respondent sentenced.   The present proceedings are based on a petition by the respondent for a new trial, alleging irregularities on the part of the trial judge, and of the sheriff who had the jury in charge during their deliberations on the case and before reaching a decision as to what their verdict should be.

The material facts alleged in the petition, so far as they are substantially admitted in the answer filed in the case, will be treated as established.   Beyond the facts so admitted, the allegations in the petition, alleging irregularities, will not be considered.

It appeared from the statements of the attorneys on both sides, in arguing the petition in this Court, that at Hardwick, where the trial was had, there was no regular court room, and that as soon as the case was submitted to the jury, the court and the attorneys were obliged to and did withdraw from the room in which the trial was had, so the jury might remain therein during their deliberations in arriving at a verdict.   This is a material circumstance which explains what might otherwise seem somewhat irregular on the part of the trial court.

The established facts show that several hours after the case was submitted to the jury, sheriff Frederick A. Flint, the officer

having the jury in charge, informed Judge Blodgett that the jury wished to report. This information from the officer to the judge was given in the presence and hearing of respondent's attorney in a room a short distance from the room in which the jury were deliberating. Immediately on receiving such information Judge Blodgett went to the jury room, supposing, as he well might, that said attorney followed him right along into the latter room, as was his duty if he desired to be present and hear the report of the jury. On entering the jury room, the court asked the jury whether they had agreed, and, being told by the foreman that they had not, the court inquired if there was anything about which the jury wished to inquire of the court, to which the foreman answered in the negative. Whereupon one of the jurors asked, ''What did you say as to when a man is intoxicated?'' The court replied that his charge on the question was in writing, in his brief case, and he was willing to get it and read it if they desired, to which the juryman said, ''No, never mind.''

The court gave the jury no further instructions at that time, but did inform them that the court felt that he ought not to discharge them without their making further effort to arrive at a decision, as the respondent and the State had both been to quite an expense in the matter. Thereafter the court immediately withdrew from the room

The foregoing shows the course followed by the court on that occasion after the jury reported a disagreement, to have been, as near as surrounding circumstances would permit, substantially like that frequently adopted in county court when a jury report a disagreement, and are required by the court to give the matter further consideration. At Hardwick there being no other room to which the jury could retire for their deliberations after the case was submitted to them, the court withdrew from the room in which the trial was had, leaving the jury therein to consider the evidence and determine what their verdict should be. Consequently when notified that the jury wished to report, the court necessarily returned to that room to receive the report, an inconvenience to the court to be sure, but no substantial difference in procedure, and the record shows nothing there said or done by the court which was justly subject to criticism.

But the same cannot be said in exoneration of the actions of the sheriff in charge of the jury. The petition alleges in effect that during the trial of the case one of the State's witnesses, deputy sheriff Wm. Fraser, testified to seeing the respondent intoxicated on Main Street in Hardwick, on the evening of October 24, 1927; that being asked by the State's attorney why he did not then arrest respondent, the witness replied that he did not understand he had a right to arrest a person found intoxicated, without a warrant; that while the jury were deliberating on the case, the question arose with respect to the weight which should be given to witness Fraser's testimony in view of his statement as to the reason why he did not then arrest the respondent; that one of the jurors propounded a question to Sheriff Flint, in charge of the jury, namely, "Has an officer the authority to arrest a person found intoxicated, without a warrant?" That Sheriff Flint informed the jury that he would inquire of the judge if he had a right to answer the question, and he later told the jury that he could not directly answer the question, but he then and there explained to them what instructions he gave to his deputies when he appointed them, with respect to their authority to arrest a person so found. The petitionees, in their answer, admit that Sheriff Flint was the officer in charge of the jury in this case, and was asked by one of the jurors as to whether an officer had authority to arrest a person found intoxicated, without a warrant, and admit that Sheriff Flint in the presence of the jury, stated what his instructions were to his deputies concerning this matter, but deny that any thing he said in any way influenced the jury in rendering their verdict. However, such misconduct by a sheriff in charge of a jury in a criminal case, during their deliberations in arriving at a verdict, tends to poison the fountain of justice and is not to be tolerated; and a new trial will be granted on the ground of public policy, even though it does not appear that the verdict was in fact affected thereby. *Austin & McCargar* v. *Langlois*, 81 Vt. 223, 69 Atl. 739; *Moore's Admr.* v. *Cross*, 86 Vt. 148, 84 Atl. 22; *State* v. *Warm*, 92 Vt. 447, 105 Atl. 224, 2 A. L. R. 811.

*Sentence, judgment, and verdict set aside, and new trial granted; to be certified.*