## Franklin v. Franklin

October 25, 1949.

278

Fisher & Reed for appellant.

Roy Holman for appellee.

JUDGE KNIGHT—Reversing in part, affirming in part.

This appeal results from a suit brought by appellee, John Franklin, against appellant, Dila Franklin, as executrix of the estate of her deceased husband, Henley Franklin, for $3333.33 which appellee claims is the amount due him from the estate of his deceased brother, Kelley Franklin, of which estate Henley Franklin was the administrator. The petition and amended petition allege in substance that Kelley Franklin died intestate on March 27, 1944, leaving as his only heirs at law his brother, appellee John Franklin, another brother, Henley Franklin, and three children of a deceased brother, Luther Franklin, these children not being involved in this suit; that Henley Franklin qualified as administrator of the estate of Kelley Franklin and in the final settlement of said estate he failed to account for $10,-000 in cash in that his final settlement shows the sum of $13,414.91 cash on hand whereas in reality the cash on hand belonging to decedent and coming into the hands of the administrator was $23,414.91; that the failure of Henley Franklin to account for the additional $10,000 was due to oversight, mistake or fraud. He prays for judgment against the estate of Henley Franklin for $3333.33 representing his one third interest in the sum which he claims has not been accounted for by the administrator of the Kelley Franklin estate.

The original answer filed by the defendant, appellant herein, after denying the allegations of the petition, pleaded that appellee had been guilty of laches in that he knew at all times since the death of Kelley Franklin that Henley Franklin was claiming the $10,000 referred to, as his own and as not belonging to the estate of Kelley Franklin, and that appellee made no claim thereto until after the death of Henley Franklin, which occurred December 8, 1945; that previous to his death he had filed his settlement as administrator and had been

confirmed without objection or exceptions being filed thereto and appellee is now estopped from asserting any claim or bringing this action.

By amended answer and counterclaim defendant, appellant herein, alleges that during the last four years of his life, from 1940 to 1944, Kelley Franklin failed to list for ad valorem taxes the sum of $13,514 in cash owned by him during those years and that following his death a retroactive assessment thereof was made by the proper taxing authorities resulting in an indebtedness to the state and county of $711 including tax, interest, costs and penalties which sum was paid by Henley Franklin out of his own personal funds, not out of Kelley's estate; that subsequent to Kelley's death the department of revenue of Kentucky assessed against his estate the sum of $2184.46 for inheritance taxes which was paid by Henley Franklin out of his own personal funds, not out of Kelley's estate; that during the years 1940-1944 the $10,000 in cash involved in this suit was not listed for taxation but it was subsequently assessed by the proper taxing authorities and that the sum of $530 was paid by Henley Franklin who claimed to own the $10,000, but that if it should be decided in this litigation that said $10,000 belonged to Kelley's estate, then this $530 is a proper charge against his estate; that as administrator of the estate of Kelley Franklin there passed through the hands of Henley Franklin the sum of $22,596.99 and as administrator Henley made no charge against Kelley's estate but that his executrix now claims that he is entitled to a commission of 5% or a total of $1129.85 to be charged against said estate; that while serving as administrator of Kelley's estate Henley incurred necessary attorney's fees which were a proper charge against the estate but which Henley paid individually out of his own funds in the sum of $2500; that if the estate of Henley Franklin is required to account for the $10,000 to the estate of Kelley Franklin, his estate is entitled to be subrogated to the items heretofore listed totaling $7053.31, one third of which must be borne by appellee John Franklin as his share of said legitimate costs and that if said John Franklin is allowed recovery of the $3333.33 claimed in his petition there be set off against same one third of $7055.31 or $2351.77.

In his reply appellee denies the allegations of the answer and amended answer and sets up an additional claim for $728.15 representing one third of $2181.46 which Henley Franklin claims to have paid out of his personal funds to cover the inheritance taxes against the estate of Kelley Franklin but which appellee claims was paid out of the estate funds. He therefore prays for a total sum of $4061.48 with interest and costs.

### The Judgment

With the issues thus made up and after evidence was taken on both sides the case was submitted, and on June 21, 1948, the Chancellor entered a judgment decreeing that appellee John Franklin is entitled to recover of appellant Dila Franklin, executrix of Henley Franklin, deceased, one third of the $10,000 referred to in his petition or $3333.33; that appellant is entitled to credit against that amount the sum of one third of the $2500 paid out by Henley for attorney's fees, one third of the $711 expended by him for ad valorem taxes on the cash admittedly belonging to the Kelley Franklin estate and one third of the $530 paid by him for ad valorem taxes on the $10,000 involved herein, making a total credit of $1247, leaving the net amount of appellee's judgment the sum of $2086.33 with interest from October 14, 1946, until paid, and his costs.

Appellant prosecutes this appeal from the above judgment and appellee cross-appeals from so much of the judgment as allows appellant a credit of $1247 or any amount whatever by way of set-off and so much of the judgment as refused appellee judgment for $4061.48, the full amount prayed for in his pleadings.

### The $10,000 Item

The proof taken in the case was not clean cut nor very definite and much of that which was taken on depositions was properly ruled out by the lower court as incompetent. The safety deposit box at the Citizens Savings Bank of Paducah was rented in the name of Kelley Franklin and while there is testimony that Henley Franklin also had a key to that box and on occasion opened it for some purpose, there is no satisfactory evidence that he placed any money of his own in it or that any of the currency found in the box upon the death of Kelley belonged to Henley. When Kelley died, in

accordance with the usual custom the box was opened in the presence of a representative of the state revenue department. Present were Henley Franklin, Jack Fisher, attorney for Franklin, C. M. Hand, president of the bank, and John Kirksey, county attorney of McCracken County, representing the department of revenue. The inventory of the contents of the box, made at that time and signed by all the above, showed $14,500 in U. S. savings bonds payable to Kelley Franklin and on his death then payable to Henley Franklin which bonds went to him and are not involved here. In addition it showed other U. S. bonds totaling $300 and U. S. postal savings certificates totaling $1000 all payable to Kelley Franklin only and accounted for in the settlement and not involved here. In addition the inventory showed an item listed as currency $23,400 and a checking account in the Citizens Bank for $14.91 thus making the total cash on hand of $23,414.91. Of this sum the final settlement lists for this item as cash on hand $13,414.91, thus making no accounting for $10,000 involved in this litigation.

There is no competent evidence that at the opening of the safety box Henley made any claim to any of the currency in the box. John Kirksey testified that there was no money in the box identified as belonging to anyone else except Kelley Franklin and the cash found was inventoried as belonging to him; that to the best of his recollection the name of Henley was not on the envelope which contained the currency and that if it had been it would not have been counted as Kelley's money. Mr. Hand, president of the bank, testified that the money and other property found in the box were turned over to Henley Franklin as administrator as the inventoried contents of the box and that the cash was altogether, not separate.

There was testimony on the defense side that Kelley and Henley were always on friendly terms; that Kelley, who was not married, lived with Henley and his wife; that Kelley, who was chief of detectives of Paducah before he died, had a box in a safe or vault at the city hall in which he and Henley kept some money; that Henley made about $275 per month as detective for the I. C. R. R. Co.

After careful consideration of all the evidence as

it relates to the $10,000, we agree with the finding of the Chancellor that this currency was part of the estate of Kelley Franklin and was not property of Henley Franklin and .that it should have been accounted for by him in the settlement of the estate.

### Credits To Be Allowed

The final settlement filed by Henley Franklin administrator after detailing receipts totaling $22,596.99, which of course did not include the $10,000 here involved, shows detailed disbursements for debts against the estate and distribution to the heirs totaling $21,074.41 and then adds the following paragraph as part of his settlement: "Said Administrator further states that he has paid out of his own funds as a personal contribution to the heirs at law of Kelley Franklin, deceased, the following amounts:--$711.00 to Sheriff George E. Allen, for omitted taxes on personal property, $2500.00 to Jack E. Fisher, for attorney's fee, $2,184.46 to the Commonwealth of Kentucky, for inheritance tax, and that he makes no charge for his services in acting as Administrator of said estate, amounting to $1129.25. The total of all of these amounts which represents donations by him to the estate of the aforesaid decedent is $6,525.31."

It is appellee's contention that since these payments were contributions paid out of his own funds as shown in the above paragraph from his final settlement, they were gifts inter-vivos and as such were unconditional and irrevocable citing in support thereof such cases as McCoy's Adm'r v. McCoy, 126 Ky. 783, 104 S. W. 1031; Stark v. Kelley, 132 Ky. 376, 113 S. W. 498; Reynolds v. Thompson, 161 Ky. 772, 171 S. W. 379, and Jones v. Jones, 102 Ky. 450, 43 S. W. 412. These are all cases defining inter-vivos gifts and determining whether or not the gift in the particular case was such a gift. Clearly they have no application to the facts in the present case. We do not consider the payments made as irrevocable inter-vivos gifts, but were payments out of his own funds which could and should have been made out of the estate. Why he chose to do so we do not know but to the extent that the payments were made in good faith to discharge legitimate debts on claims against the estate, the administrator would be entitled to subrogation when the settlement is surcharged or is opened

up for investigation in a court of equity. The rule is succinctly stated in 34 C. J. S., Executors and Administrators, sec. 921 where it is said:

"When the settlement of a personal representative is annulled by a court of competent jurisdiction, the status of the administration and rights and liabilities of the parties are the same as if the settlement had never been made. All matters of the administration, as disclosed by the record, are before the court for disposition as justice requires, and such relief is granted as the parties show themselves entitled to, in so far, however, as the rights of parties to the settlement decree who are not before the court are not involved.

"On a petition to open such a settlement or surcharge the account, it is proper so to open it as to correct errors on both sides; and when a settlement is opened at the instance of the personal representative to correct mistakes for his benefit, other mistakes inuring to the benefit of persons interested in the estate will be corrected also."

In 21 Am. Jur. Sec. 249, it is said: "As a general rule, an Executor or Administrator who uses his own funds to pay debts and pecuniary legacies is entitled to be subrogated to the rights of the creditors and legatees, provided he makes such payment in good faith."

Upon these principles we think the Chancellor correctly allowed as credits in the settlement the $711 paid by the administrator for omitted taxes chargeable against the estate; also the $530 paid by him for omitted taxes on the $10,000 which he claimed because since that sum has been determined to be a part of the estate it should be charged with any delinquent taxes paid out on it; likewise the item of $2500 attorney's fee paid by Henley Franklin out of his personal funds and allowed as a credit by the Chancellor is a proper charge against the estate. The Chancellor did not allow as a credit the item of $2184.46 for inheritance taxes which Henley paid. He gave no reason for his disallowance of this item but it apparently resulted from the belief that this item was not actually paid by Henley out of his own funds. In this we think the Chancellor erred. It is true that the check by which these taxes were paid, as shown

in the exhibit, was a check signed by the administrator and was paid by the bank and charged against estate funds. However, it is shown by the proof, including the canceled check and the bank statement filed as exhibits, that on July 10, 1945, Henley gave a check on his personal funds for the exact amount, made payable to himself as administrator of the estate of Kelley Franklin. Neither check shows up in the final settlement but it is clear from the evidence that although the tax was paid originally by estate funds, the amount paid was replaced in the estate by the personal check of Henley Franklin. It is therefore a proper item of credit.

The only remaining item in dispute is the administrator's commission of $1129.85 which the administrator did not charge against the estate in the original settlement but which is now sought to be charged. This is not an item actually paid out for the estate as were the other items heretofore allowed. The administrator had the right to charge a commission not exceeding 5% for his services but he is not required to do so but may perform this service gratis if he chooses to do so. In this case the administrator was heir to a one third interest in the estate, and his brother and the children of a deceased brother, some of them infants, were heirs to the remainder. Kelley and Henley were very close as brothers and Henley had received $14,500 in bonds over and above what the others had received. He may have felt that he should make no charge as administrator and he had the right to make this decision. The estate was not a difficult one to administer and no doubt a good part of the work was done by the attorney who was paid a large fee of $2500. We are therefore of the opinion that the Chancellor correctly disallowed this as an item of credit.

The last contention of the appellant is that she should have judgment on the pleadings because she claims the reply filed by appellee did not properly deny the plea of laches set up in the original answer. We think the denial set up in the reply is in substantially proper form and since there was no proof on the defense of laches and that defense was practically abandoned in favor of the defense set up in the amended answer there is no merit in appellant's contention that she is entitled to judgment on the plea of laches.

## Summary

Appellee is entitled to judgment for one third of $10,000 not accounted for in the original settlement or $3333.33 subject to credits for one third of items allowed above totaling $5925.46 or a net credit of $1975.15 leaving the net amount of his judgment $1358.18 with interest from October 14, 1946, until paid. The judgment is reversed on appeal and affirmed on cross-appeal with directions to enter one in accordance herewith.